161 522
166 400
161 522
168 582
161 522
175 94
161 522
f 31 SC 446

# Philadelphia to use of Nestor, Appellant, *v.* Spring Garden Farmers' Market Company.

*Municipalities—Streets—Paving—Street railways.*

The act of April 8, 1864, P. L. 297, incorporating the Union Passenger Railway Company, and requiring that " the company in constructing their road shall conform to the surveys and grades now established, or hereafter to be established," and requiring that the company should " be at the entire cost and expense of paving, repairing and repaving that may be necessary upon any street where the track of said company may be laid," imposes the obligation of original paving upon the company, and relieves the abutting landowner therefrom.

The liability to pay for the original paving of a street is purely of statutory origin, and it cannot be imposed without legislative authority, and,

under the constitution, not even by legislature, except where there is some special benefit to the property owner. The legislature which imposes such a liability may also relieve from it.

Where the legislature has imposed upon a street railway company the obligation of paying for the original paving of a street, an abutting landowner can set up such legislative action as a defence to a suit brought by the city against himself to recover the cost of the original paving.

Not decided what might be the result, if, on default of the railway company to do the work, the city should do it and then be unable to collect the cost from the railway company.

*Constitution—Statutes—Title of act—Act of March 16, 1865.*

The act of March 16, 1865, P. L. 394, entitled: "A supplement to an act, entitled 'An act to incorporate the Union Passenger Railway Company,' approved April 8, 1864, authorizing said company to extend their track," and providing also that the company "shall not be chargeable with the cost or obliged to pay the cost of paving any street which has never been previously paved," violates the constitutional requirement, that each act shall contain but one subject, which shall be clearly expressed in the title.

Argued Jan. 17, 1894. Appeal, No. 95, Jan. T., 1894, by plaintiff, Phila. to use of William A. Nestor, from judgment of C. P. No. 1, Phila. Co., Sept. T., 1891, No. 583, on verdict for defendant. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and FELL, JJ. Affirmed.

Scire facias sur municipal claim for paving the unpaved plots in the center of Spring Garden street between Tenth and Eleventh streets, in the city of Philadelphia, formerly occupied by market houses. Before BIDDLE, J.

At the trial it appeared that, when the market houses were removed, an ordinance was passed authorizing a contract for grading and paving the portion of the street formerly occupied by the market. Defendant company, which was owner of abutting property, claimed that the obligation for paying for the original paving of the street was placed by the act of April 8, 1864, P. L. 297, upon the Union Passenger Railway Company.

Section 8 of this act provides as follows :

" And the said company in constructing their road shall conform to the surveys and grades now established, or hereafter to be established by law, of the several streets or avenues traversed by said road, and shall at the cost and expense of said company lay flagstones or crossings along the line of the paved streets

upon which the rails are laid at intervals not exceeding two hundred and fifty feet, and shall be at the entire cost and expense of paving, repairing and repaving that may be necessary upon any street where the track of said company may be laid; and it shall not be lawful for the said company to run their cars at a greater rate of speed than six miles an hour; and the said company is hereby authorized and empowered to construct and lay the said railway without the consent of the city councils of the city of Philadelphia; but whenever the said railway shall be laid and used by running passenger cars thereon, the said company shall be subject to the ordinances of the city of Philadelphia regulating the running of passenger railway cars."

The court charged as follows:

" " This case has already been before the Supreme Court of Pennsylvania. This court took the view of it originally that the defendant was not responsible to pay for this paving. That question was taken up to the Supreme Court. The Supreme Court affirmed the decision of this court, saying that the defendant was not responsible for the paving. Therefore your verdict in this case will be for the defendant." [1, 2]

Plaintiff's points were as follows:

" 1. The eighth section of the act of April 8, 1864, P. L. 297, incorporating the Union Passenger Railway Company, does not relieve the defendant in this case from the payment for the pavement in front of its property, for which the claim in suit was filed, and the verdict should be for the plaintiff." Refused. [3]

" 2. Under all the evidence in this case the verdict should be for the plaintiff." Refused. [4]

" 3. Under all the evidence in this case the defendant is liable for the cost of this paving." Refused. [5]

" 4. Under the act of April 8, 1864, and the supplement of March 16, 1865, the duty of paying for the paving of this street is not imposed upon the Union Passenger Railway Company." Refused. [6]

Defendant's points were as follows:

" 1. The supplemental act of March 16, 1865, is unconstitutional, because the subject is not clearly expressed in its title." Affirmed. [7]

" 2. Under all the evidence in this case the verdict must be for the defendant." Affirmed. [8]

Verdict and judgment for defendant.   Plaintiff appealed.

*Errors assigned* were (1–8) above instructions, quoting them.

*George P. Rich, Francis S. Cantrel* with him, for appellant.—
For the cost of paving as special taxation, the defendant, as
the owner of property specially benefited by the improvement
and fronting on the street, is liable : Slocum v. City, 11 W. N.
167 ; Alcorn v. City, 112 Pa. 494; Phila. v. Evans, 139 Pa. 483.

The paving, repairing, and repaving contemplated is that
made necessary by the construction of the road, and is confined
to the time of such construction—the liability to pay for future
paving and repairing being secured by the subjection of the
company to the city ordinances regulating the running of pas-
senger railway cars.

The title of the act of 1865 is sufficient : Blood v. Marcelliott,
53 Pa. 371; Esling's Ap., 89 Pa. 205 ; Mauch Chunk v. Mc-
Gee, 81 Pa. 433 ; Rogers v. Imp. Co., 109 Pa. 109 ; Craig v.
Church, 88 Pa. 42 ; Com. v. Potts, 79 Pa. 164.

The railway company is not liable for the original paving :
Phila. v. Evans, 139 Pa. 483 ; Chicago v. Sheldon, 9 Wal. 50.

Even if it be held that the railroad company has contracted
to pay for this paving, the abutting property owners are not
thereby relieved from their liability for this tax : People v.
Brooklin, 65 N. Y. 349 ; Washington Ave., 69 Pa. 352 ; City v.
Weller, 4 Brews. 24 ; Phila. & Ridge Ave. Pass. Ry., 143 Pa.
444; Canal Co. v. Graham, 63 Pa. 290 ; Brown v. Brown Co.,
109 Pa. 57 ; Oil City v. Jackson, 114 Pa. 321 ; Borough v.
Arthurs, 130 Pa. 501; Hammett v. City, 65 Pa. 146.

While the power of the state to contract with one of its sub-
jects to refrain either wholly or for some definite period from
levying any taxes whatever, or to levy them only to a certain
extent, is, perhaps, no longer open to question, yet such con-
tracts are against the public interest and are always jealously
regarded and most strictly construed : Bank v. Co., 10 Pa. 442 ;
R. R. v. Com., 66 Pa. 87 ; Jones & Mimick Co. v. Com. 69 Pa.
137 ; Cooley on Taxation, 2d ed. 70.

The property owners cannot set up the defence in this pro-
ceeding. Their representatives, the city councils, by their or-
dinance, have authorized this contract to be made by plaintiff,

who, relying upon it, has done the work and accepted the assessment bills.

*F. Carroll Brewster, Henry Birck* and *Isaac D. Yocum* with him, for appellee.—All the points now raised were presented when the case was here before: 154 Pa. 93.

The liability of the railway company for the entire cost of the paving is expressly imposed upon the company by its charter: Leake v. City, 150 Pa. 643.

The contractor is not prejudiced. On the contrary he is helped by such condition, for he has but a single suit to bring, whereas otherwise he would be compelled to sue each property owner.

If appellant's claim be correct, and the contractor should be allowed to recover in the first instance from the property owner, thereby compelling them to sue the railway company, a multiplicity of suits would be necessary to accomplish the same result as would be attained by a single action by the contractor against the railway company : Payne v. Rogers, 2 H. Bl. 350 ; Lowell v. Spaulding, 4 Cush. 277.

The act of 1865, supplementary to the act incorporating the railway company, is clearly unconstitutional: Dorsey's Ap., 72 Pa. 192; Union Pass. Ry.'s Ap., 81* Pa. 91; Ridge Av. Ry. v. Phila., 124 Pa. 219; Com. v. Frantz, 135 Pa. 389; Borough v. Gardner, 148 Pa. 192; Brown's Est., 152 Pa. 401; Perkins v. Phila., 156 Pa. 554.

OPINION BY MR. JUSTICE MITCHELL, May 21, 1894:

Appellant's argument is divided into three heads, and we may conveniently follow the same general arrangement, though we prefer to put the headings into somewhat different form.

1. The act of April 8, 1864, P. L. 297, incorporating the Union Passenger Railway Company, in express terms, required that the company should " be at the entire cost and expense of paving, repairing and repaving that may be necessary upon any street where the track of said company may be laid." This language is too plain to need interpretation. The argument that the previous words in the same section, " the company, in constructing their road, shall conform to the surveys and grades now established, or hereafter to be established," etc., limit the obligation

as to paving, repairing, etc., to the time of first construction, is not tenable. It gives too narrow a meaning to the language used and overlooks entirely the force of the word "pave." If the only obligation meant to be imposed on the corporation was to replace the street in as good condition as before it began its work, then the words "repair and repave" were sufficient, and the word "pave" was not only superfluous, but misleading. It must be presumed to have been used intentionally and with its proper force.

If there were any doubt on this point it would be dissipated by the express effort to repeal this provision of the act by the act of March 16, 1865, P. L. 394. This latter is entitled a supplement to the former act, "authorizing said company to extend their track." It provides that the company may continue and extend their track on certain streets named, and then proceeds to declare that the true intent and meaning of the proviso to the eighth section of the original act, is that the company "shall not be chargeable with the cost, or obliged to pay the cost, of paving any street which has never been previously paved. Nor shall the said proviso be construed so as to exempt owners of property from the expense of new paving as is now provided by law." If this paragraph of the act of 1865 were valid the argument of the appellant would be unanswerable. But it is in plain violation of the constitutional requirement that each act shall contain but one subject, which shall be clearly expressed in the title. It is true that under this clause of the constitution the rule is well settled that the title need not be an index to the contents of the bill, and that, in general, entitling an act a supplement to another will be sufficient to cover any subject that is reasonably germane to the purpose and scope of the latter. But all our cases are clear and emphatic that the title, whether full or meagre, must not be misleading. Union Pass. Ry. Co.'s Appeal, 81* Pa. 91; Ridge Av. Ry. Co. v. Phila., 124 Pa. 219; Phila. v. Ridge Av. Ry. Co., 142 Pa. 484; and Brown's Est., 152 Pa. 401. The act of 1865 being entitled a supplement to the act of 1864 incorporating the railway company, gave notice of its general purpose, but when the title went on to declare that it was a supplement "authorizing said company to extend their track" it limited the notice to that particular feature of the company's charter, and diverted

attention from the matters included in the second paragraph. In fact the conclusion is irresistible that the second paragraph was a rider put on the bill after its original preparation. As to it the title was not only defective but misleading. We are therefore of opinion that that part of the act of 1865 is unconstitutional as against this defendant, and did not reimpose upon it the burden of paving from which the act of 1864 had relieved it.

2. We see nothing to prevent the property holder from taking advantage of the provisions of the act of 1864. That act it is true is a charter, and in that sense a contract between the state and the company, to which the property owner is not party. But, as was said by SHARSWOOD, J., in Penn. & Ohio Canal Co. v. Graham, 63 Pa. 290, " the charter is indeed a contract ; but it is also a law imposing upon the corporation the burden of performing a certain duty to the public," and in the present case the intent is clear to put on the railway company that portion of the public duty which relates to the paving of streets, and thereby to relieve the abutting property owner. It must not be overlooked that this is one of a class of cases, unknown to the common law, involving three parties, and to which therefore common law rules as to pleadings and issues upon contracts must be applied with caution. There is first the city, the legal or nominal plaintiff, but having no real interest in the suit, not seeking to recover any money or to be reimbursed any outlay ; secondly, the contractor, who is the real plaintiff in interest; and, thirdly, the property owner, who was no party to the contract to pave, had no voice in it and is not liable by virtue of any act of his own in relation to it, but who is sought to be burdened by a charge for a work belonging to the general class of public duties for which the city is liable, but which is made a special exception against him by virtue of supposed special and local benefit to his property. This class of charge is entirely of statutory origin. It cannot be imposed at all without legislative authority, and, under the constitution, not even by the legislature except where there is such special benefit. The legislature which imposes it can also relieve from it. The duty of paving the streets is in general on the municipality. As already shown the act of 1864 puts the burden in certain places on the Union Railway Company,

and thereby relieves both the city and the adjoining property owner. This result might well be rested on the principle of Canal Co. v. Graham, 63 Pa. 290, 295, already cited, that where a corporation is charged by its charter with the performance of any part of a public duty, the obligation will be construed as intended by the state for the use and benefit of individuals requiring the performance of the duty, and will give them a right of action for special injury arising from the corporation's failure to perform. But the present case may be put on still plainer grounds. As already said the obligation of an abutting property holder to pay for paving rests entirely upon statutory imposition. Without that it does not exist. As to streets occupied by the Union Railway Company this obligation is taken away by the express provision that the corporation "shall be at the entire cost" of such paving. This necessarily excludes the idea that the property owner is to be liable, and takes away the legislative authority without which he cannot be charged at all.

What might be the result, as to which appellant's argument is apprehensive, if, on default of the railway company to do the work, the city should do it and then be unable to collect the cost from the railway company, (as to its legal right to do so, see Phila. v. Ridge Av. Ry. Co., 143 Pa. 444,) we are not called upon now to consider. It is enough for the present that the charter makes the company primarily liable, and until that liability is exhausted, the abutting owner cannot be called on.

3. The objection that the councils having by their contract protected the city from liability, and provided that the contractor shall take his pay in assessment bills against the abutting property owners, the latter cannot now set up the liability of the railway company in relief of their own, may be very briefly disposed of by the considerations already expressed. The obligation of the property holders which might arise under the general laws on the subject of paving, having been relieved by the legislature, cannot be reimposed by councils. The necessary legislative foundation being wanting, no form of ordinance or contract by the city authorities can create the obligation. The present is the very state of facts so carefully excluded by

Chief Justice PAXSON from the decision in Philadelphia v. Evans, 139 Pa. 483, 490.

This may be a hard case for the contractor who has done the work in reliance on the assessments against the property owners for his pay. But he was bound to know the law, and the hardship to him cannot affect the defendant's rights. Whether he has any remedy against the railroad company is not before us.

Judgment affirmed.