The City of Philadelphia, to use of Michael O'Rourke to use of William Kelley, *v.* Fremont Bowman, Owner etc., and Registered Owner, Appellant.

*Street railways—Paving—Municipal consent—Conditional consent—Repeal of ordinance.*

Where a street railway company is authorized by the legislature to lay its tracks on the streets of a city, provided that the city consents, and that the railway company shall be subject to the ordinances relating to paving, and the city gives its consent on condition that the railway assumes the cost of paving, and the city subsequently relieves the railway company of the condition imposed, the abutting property owners will thereafter be liable for the original cost of paving.

Argued Jan. 21, 1896. Appeal, No. 162, July T., 1895, by defendant, from judgment of C. P. No. 4, Phila. Co., March T., 1893, No. 172, M. L. D., on verdict for plaintiff. Before STERRETT, C.J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Scire facias sur municipal lien for paving.

The facts appear by the opinion of the Supreme Court.

The court directed a verdict for plaintiff reserving the following question :

Whether under the several acts of assembly and city ordinances offered in evidence, the defendant is liable.

Verdict and judgment for plaintiff. Defendant appealed.

*Error assigned* was in entering judgment for plaintiff on point reserved.

*Frank P. Prichard, Wendell P. Bowman* with him, for appellant.—Councils having under the authority of the legislature annexed as a condition of their consent an obligation on the part of the railway company to pave all streets occupied by it, cannot afterwards release the company from the obligation : Philadelphia v. Evans, 139 Pa. 483; Philadelphia v. Ridge Ave. Pass. Ry., 143 Pa. 444; Philadelphia v. Spring Garden Market Co., 161 Pa. 522; Philadelphia v. Bowman, 166 Pa. 393.

The ordinance of 1859, which repealed the ordinance of 1857, was not intended to apply to railway companies over which the legislature had not delegated to councils power of regulation.

*John M. Ridings,* for appellee.—The questions which are raised by the appellant in this case have been.decided by this court in City v. Evans, 139 Pa. 483, and Leake v. City, 150 Pa. 643.

In the case of Philadelphia v. Ridge Avenue Passenger Railway Co., 143 Pa. 444, cited by appellant, the question involved was one of repaving or repairing, and of course under the ordinance of 1857 the company was obliged to pay the cost of such repaving or repairing, the supplemental ordinance of 1859 only repealing the prior ordinance so far as the same imposed a lia-

bility on the railway company to pay the cost of an original paving.

OPINION BY MR. JUSTICE MITCHELL, April 13, 1896:

This is a claim for the paving of Kensington avenue in front of appellant's property, and the only question is whether or not he has been relieved by law from the obligation to pay for that improvement. The street is occupied partly by the Frankford & Southwark Passenger Railway Company (formerly the Philadelphia & Delaware River Railroad Company) under its charter by special act (April 4, 1854, P. L. 759) which did not require the consent of the city of Philadelphia. By a supplement however of 1857 (act of June 9, 1857, P. L. 802) the company was authorized to extend its tracks over certain additional streets, provided that the councils of the city of Philadelphia should consent, and that the railway should be subject to the ordinances and regulations in regard to paving, repaving, etc., on said streets. Councils on July 7, 1857, passed a general ordinance regulating all passenger railways in the limits of the city, requiring them, inter alia, to be at the entire cost of paving, repairing and repaving all the streets occupied by them. The Frankford & Southwark Railway Company filed in the office of the city solicitor a written covenant to comply with the provisions of this ordinance, and thereupon the conditional consent of the city having become effective, the company laid tracks on the streets named in the supplementary act of 1857. In 1859 however, by ordinance (April 1, 1859) the councils repealed so much of the ordinance of 1857 as provided that the railway companies should pave any street not previously paved, and thereby as the city now claims, restored the liability of abutting property owners, which had been suspended by the ordinance of 1857, to pay for an original or first paving. The present claim is filed for the cost of such a paving, and it is contended by the appellant that his liability having been released in the manner it was, cannot be reimposed by the action of councils.

The argument in support of this contention is based on the view that councils having under the authority of the legislature annexed, as a condition to their consent, an obligation on the part of the railway company to pave, the effect is the same as

if the legislature itself had prescribed the conditions, and councils could not subsequently change them by releasing the obligation. This latter point was expressly decided in Phila. v. Spring Garden Market Co., 161 Pa. 522, 529, and is sufficiently obvious. But the argument lacks the necessary basis of legislative intent. The obligation of the railway company in this case to pave was not imposed by the legislature, as in Phila. v. Market Co., supra, nor was there any intention on the part of the legislature in that regard. On the contrary the plain purpose of the provision of the act of June 9, 1857, subjecting the company to such regulations as councils may from time to time establish by ordinance, in regard to paving etc., was to put the whole subject in the control of councils, both as to original consent and subsequent regulation. As councils could have consented in the first instance without requiring the railway to do original paving, so they could equally well recall that requirement at any later time. As was said by Chief Justice PAXSON in Philadelphia v. Evans, 139 Pa. 483, 491, " the duty which the act (of 1859) imposed on the company was a shifting, not a fixed one. It was to be regulated by councils from time to time, and the authority which imposed the duty could take it away." That case in fact is decisive of this.

Had the paving been done while the ordinance of July 7, 1857, was in force as to original paving, the appellant's claim would have been entirely sound, for during that time the ordinance, as said by the present chief justice in Philadelphia v. Ridge Avenue Railway Co., 143 Pa. 444, 471, was " in effect read into and made part of the company's charter," but that language was used with reference to the duty of repaving, as to which the ordinance was in force at the time the case arose. When however as in the present case, the ordinance was repealed as to paving, the obligation, as already said, was repealed by the same authority which had previously imposed it, and ceased to be any part of the company's duty, by charter or otherwise. The result was that the obligation of paying for the first pavement from which the appellant had been for a time relieved solely by the action of councils, was reimposed by the general law, as soon as the temporary exemption was rescinded by the authority that had conferred it.

Judgment affirmed.