## Commonwealth, Appellant, *v.* Schulte.

*Constitutional law—Title of statutes—Mines and mining—Act of May 13, 1903, sec. 2, P. L.* 359.

The Act of May 13, 1903, sec. 2, P. L. 359, entitled " An act to amend Article IX, section 1, of an act entitled ' An act to provide for the health and safety of persons employed in and about the anthracite coal mines of Pennsylvania, and for the protection and preservation of property connected therewith,' approved June second, one thousand eight hundred and ninety-one ; also, to amend section 17 of an act entitled,' an act relating to bituminous coal mines, and providing for the lives, health, safety and welfare of persons employed therein' approved June thirtieth, one thousand eight hundred and eighty-five," is unconstitutional, inasmuch as the title does not indicate the purpose expressed in section two, which proposes to amend a section of an act not found in the act itself.

Submitted March 9, 1904. Appeal, No. 102, April T., 1901, by plaintiff, from order of Q. S. Allegheny Co., Jan. T., 1904, quashing indictment in case of Commonwealth v. Frank Schulte. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Indictment for violating the mining laws as to the employment of minors. Before SHAFER, J.

The case turned on the constitutionality of the Act of May 13, 1903, P. L. 359. The court held the act unconstitutional, and quashed the indictment.

*Error assigned* was in quashing the indictment.

*John C. Haymaker*, district attorney, and *John O. Petty*, for appellant.

*A. M. Neeper* and *John G. McConnell*, for appellee.

OPINION BY HENDERSON, J., July 28, 1904 :

The defendant, a mine foreman, was indicted for employing certain boys over the age of fourteen years and under the age of sixteen years at work in a bituminous coal mine and for permitting them to be in and about the mine for the purpose of employment in violation of section 2 of the Act of May 13, 1903, P. L. 359.

An act was approved June 30, 1885, P. L. 205, entitled: " An act relating to bituminous coal mines and providing for the lives, health, safety and welfare of persons employed therein." Section 16 of that act prohibits the employment of boys under the age of twelve years in any mine or their presence therein for the purpose of employment.

An act entitled, " An act relating to bituminous coal mines, and providing for the lives, health, safety and welfare of persons employed therein," approved May 15, 1893, P. L. 52, provides in section 1 of article 17 that no boy under the age of twelve years shall be employed in any bituminous coal mine or be permitted therein for any purpose. This act contains a repealing clause of all acts or parts of acts inconsistent therewith and was intended to cover the subject embraced in the act of 1885. It would seem manifest, therefore, that the act of 1893 was the law in force regulating the employment of boys in bituminous coal mines at the time of the passage of the act of 1903.

The title of this latter statute declares it to be the intention of the legislature to amend section 17 of the act of 1885. The 2d section refers to the 1st section of article 9 of the act of 1885 as therein quoted for amendment. There is, however, no 1st section of article 9 of that statute, nor is there any separation of the statute into articles. Moreover, the language set forth for amendment is not the language of any section of the act of 1885. That act prohibits the employment of boys under twelve years of age and the portion cited for amendment relates to boys under the age of fourteen years. The quotation is apparently from the 1st section of article 9 of the Act of June 2, 1891, P. L. 176, relating to anthracite coal mines. It will be observed, therefore, that the title of the act of 1893 refers to section 17 of the act of 1885 and that section refers to the 1st section of article 9 of that act and the words quoted for amendment are from the act of 1891.

Section 3 of article 3 of the constitution provides that no bill, except general appropriation bills, shall be passed containing more than one subject which shall be clearly expressed in its title. The statute under consideration violates this provision of the constitution in that the title does not indicate the purpose expressed in section 2. It proposes to amend a sec-

tion of an act not found in the act itself.   It will not be contended that the effect of the act of 1903 is to amend the act of 1893.   No such purpose is expressed in the act of 1903.   The learned judge of the court was therefore correct in his conclusion.

The judgment is affirmed.