# Provident Life & Trust Company *v.* Hammond, Appellant.

*Constitutional law—Title of act—Taxation—Corporations—Act of June 7, 1907, P. L. 430.*

1. The Act of June 7, 1907, P. L. 430, entitled "An Act to further amend Section twenty-one of an Act entitled 'An Act to provide revenue by taxation' approved June twenty-seventh, one thousand eight hundred and seventy-nine," violates art. III, sec. 3, of the constitution of Pennsylvania which provides that "no bill, except general appropriation bills shall be passed containing more than one subject

which shall be clearly expressed in its title," inasmuch as no acts of assembly were approved on June 27, 1879, and the title specified was borne by two different acts approved in different years neither one of which ever had a twenty-first section, and neither of which acts referred to the subject-matter embodied in the act of June 7, 1907.

2. The word "clearly" used in art. III, sec. 3, of the constitution of Pennsylvania, is omitted from similar provisions of the constitutions of most of the other states of the Union, and consequently the decisions in those states cannot be relied upon as precedents in determining the construction of the Pennsylvania constitutional provision.

3. The purpose of the constitutional enactment was to prevent fraud and deception by requiring the title of the bill to disclose fully and clearly its subject so that all interested parties could be heard for and against the proposed legislation if they desired. It was not the title to an act which the constitutional provision required to be clearly expressed, but the title to the bill.

4. There is no law authorizing the secretary of the commonwealth or the statute clerk to insert in the pamphlet laws marginal notes of an explanatory character. Such notes are useful as aiding in an examination of the laws, but cannot be used as an aid in the construction of them.

5. The marginal note on page 430 of the pamphlet laws of 1907, viz., "Section 21 Act of June 8, 1893, cited for amendment," has no curative power because (1) there was no authority in the statute clerk to insert it, and (2) because it was inserted long after the enactment of the statute.

Argued Jan. 3, 1910. Appeal, No. 229, Jan. T., 1910, by defendants, from decree of C. P. No. 2, Phila. Co., Dec. T., 1907, No. 2438, on bill in equity in case of The Provident Life & Trust Company of Philadelphia v. John S. Hammond et al. Before Fell, C. J., Brown, Mestrezat, Potter, Elkin, Stewart and Moschzisker, JJ. Affirmed.

Bill in equity for an injunction. Before Wiltbank, J. The case is stated in the opinion of the Supreme Court.

*Error assigned* was decree awarding an injunction.

*Alex. Simpson, Jr.*, with him *Joseph W. Catharine*, assistant city solicitor, *J. Howard Gendell*, city solicitor, and

*M. Hampton Todd*, attorney general, for appellants.—The title of the Act of June 7, 1907, P. L. 430, is not so defective as to make the act unconstitutional: Com. v. Curry, 4 Pa. Superior Ct. 356.

It is true that the title must not be misleading, but who could have been misled by this title? Either the inquirer knew or he did not know that the Act of 1879, P. L. 112, was dated June 7, 1879. If he did not know that, then he was not misled, for the fact that it was a further amendment to "An act to provide revenue by taxation" at once gave him sufficient notice of its contents. If he did know it, then he knew that there was an error in the date, and consequently he was not misled thereby. In every aspect of the matter, therefore, no one could have been misled by that typographical error: Citizens' Street Ry. Co. v. Haugh, 142 Ind. 254 (41 N. E. Repr. 533); Shoemaker v. Smith, 37 Ind. 122; State v. Robinson, 32 Ore. 43 (48 Pac. Repr. 357); Nobles v. State, 38 Texas Crim. Rep. 330; People v. Supervisor of Onondaga, 16 Mich. 254; Mt. Joy Borough v. Turnpike Co., 182 Pa. 581; Rodger's Petition, 192 Pa. 97; Samler v. Meyers, 7 Pa. Dist. Rep. 147; Com. v. Attorney General, 13 Pa. Dist. Rep. 521; American Surety Co. v. Great White Spirit Co., 58 N. J. Eq. 526; State v. Page, 20 Montana, 238; Com. v. Taylor, 159 Pa. 451; Com. v. Gilligan, 195 Pa. 504; McKeesport Borough v. Owens, 6 W. N. C. 492; Sugar Notch Borough, 192 Pa. 349; Com. v. Dickert, 195 Pa. 234; Allegheny County Home's Case, 77 Pa. 77; Com. v. Provident Life & Trust Co., 12 Pa. Dist. Rep. 516.

*M. E. Olmsted* and *Abraham M. Beitler*, with them *Samuel Dickson*, for appellee.—The act of 1907 is unconstitutional, the subject thereof not being expressed in its title, which declares its purpose to be to further amend the twenty-first section of an act approved upon a date upon which no act whatever was approved, and bearing a title borne by two different acts approved in different years, neither one of which ever had a twenty-first sec-

tion. It makes no reference at all to the act which is cited for amendment in the body of the act. No layman, lawyer or judge could, from the title of the act alone, ascertain its purpose or discover what act it was trying to amend.

The adding of the side note in the pamphlet laws after the passage of the bill does not cure its constitutional defect: Dorsey's App., 72 Pa. 192; Com. v. Shulte, 26 Pa. Superior Ct. 95; Union Pass. Ry. Co.'s App., 81* Pa. 91; Borough of Mt. Joy v. Lancaster, Elizabethtown & Middletown Turnpike Co., 182 Pa. 581; Quinn v. Cumberland County; 162 Pa. 55; Road in West Donegal Twp., 13 Pa. Dist. Rep. 88; Sanders v. Cambria County, 16 Pa. C. C. Rep. 94; Com. v. Hudusko, 10 Pa. Dist. Rep. 230; In re Road in Borough of Phœnixville, 109 Pa. 44; Com. v. Samuels, 163 Pa. 283; Com. v. Walsh, 11 Pa. Dist. Rep. 748; State v. Mitchell, 17 Mont. 67 (42 Pac. Repr. 100); Hearn v. Louttit, 42 Ore. 572 (72 Pac. Repr. 132); New York & Greenwood Lake Ry. Co. v. Township of Mont Clair, 47 N. J. Eq. 591; State v. Looker, 54 Kan. 227 (38 Pac. Repr. 288); People v. Hills, 35 N. Y. 449; Mankin v. Pennsylvania Co., 160 Ind. 447 (67 N. E. Repr. 229); Mayor, etc., of New York v. The Manhattan Ry. Co., 143 N. Y. 1 (37 N. E. Repr. 494); Weis v. Ashley, 59 Neb. 494 (81 N. W. Repr. 318).

OPINION BY MR. JUSTICE MESTREZAT, February 13, 1911:

By its charter the plaintiff company is authorized to do business as a trust and life insurance company. In 1908 the company paid a state tax of five mills on its capital stock, appraised for the purpose at $12,700,000, a four mill tax on certain securities held in trust, aggregating $10,799,707, and also a tax on its gross premiums. Under protest the company made a return of bonds, mortgages and other securities aggregating $45,010,962.45, which it alleged and the court below found were owned by it in its own right and, therefore, not subject to taxation. The

defendants claimed that these securities were taxable, and thereupon this bill was filed by the plaintiff to restrain the defendants from assessing and collecting the tax.

The question raised in this proceeding was decided, under like facts, in 1905 against the contention of the defendants, this court holding in Provident Life & Trust Co. v. Durham, 212 Pa. 68, that the securities in question were not taxable. That decision was followed by the court below in the present case, and it held that the securities were exempt from taxation. It is conceded by the appellants that the decree of the court below is right under our former decision, and that the securities are not taxable unless they are made so by the Act of June 7, 1907, P. L. 430. The appellee company, however, contends (a) that the statute has not changed its liability from what it was when this court passed upon the question before, and (b) that the act of 1907 is unconstitutional and void. These are the objections relied on by the appellee to prevent the taxation of the securities in question.

We are of the opinion that the act of 1907 cannot be sustained, and that this court having settled the law against the claim of the appellants in the former case, the decree below in the present case must be affirmed.

It is claimed on the part of the appellee company that the act of 1907 violates art. III, sec. 3, of the constitution which provides as follows: "No bill, except general appropriation bills, shall be passed containing more than one subject, which shall be clearly expressed in its title."

The language of this provision of the present constitution is substantially the same as the amendment of 1864 to the prior constitution. In construing the amendment this court in Dorsey's App., 72 Pa. 192, said (p. 195): "Another purpose (of the amendment) was to give information to the members or others interested, by the title of the bill, of the contemplated legislation, and thereby prevent the passage of unknown and alien subjects, which might be coiled up in the folds of the bill. The amendment was found necessary to correct the evils

of unwise, improvident and corrupt legislation, and therefore is to receive an interpretation to effectuate its true purpose." The court further said in the same opinion: "The title should be so certain as not to mislead. The language of the amendment is 'one subject which shall be clearly expressed in the title.' To be 'clearly expressed' certainly does not mean something which is dubious, and therefore is not clearly expressed." In declaring an act of the legislature unconstitutional by reason of its title being defective within the meaning of art. III, sec. 3, of the present constitution, Mr. Justice WILLIAMS in delivering the opinion in Davey v. Ruffell, 162 Pa. 443, said (p. 447): "Since the adoption of the constitutional provision that requires that every bill shall relate to but one subject and that subject shall be clearly expressed in its title, the title alone should disclose the legislative purpose." In noting the distinction between the title to an original act and that of a supplement, Mr. Justice CLARK delivering the opinion in Philadelphia v. Railway Co., 142 Pa. 484, said (p. 491): "When an act of assembly is a supplement to a former act, if the subject of the original act is sufficiently expressed in its title, and the provisions of the supplement are germane to the subject of the original, the general rule is that the subject of the supplement is covered by a title which contains a specific reference to the original by its title, giving the date of its approval, and declaring it to be a supplement thereto." In Mt. Joy Borough v. Lancaster, etc., Turnpike Co., 182 Pa. 581, Chief Justice STERRETT delivering the opinion, said (p. 584): "As was said by this court in Phœnixville Road, 109 Pa. 44, 'while it may be difficult to formulate a rule by which to determine the extent to which the title of a bill must specialize its objects, it may be safely assumed that the title must not only embrace the subject of proposed legislation, but also express the same so clearly and fully as to give notice of the legislative purpose to those who may be specially interested therein. Unless it does this it is useless.' The decisions relating to the titles of supplemental legislation

do not depart from the foregoing rule. They can be sustained only on the ground that they give notice of the legislative purpose, to those specially interested, by reference to the original act." Mr. Justice AGNEW, in discussing the constitutionality of a supplemental act in Union Passenger Ry. Co.'s App., 81* Pa. 91, said (p. 94): "The title to a bill which tends to mislead stands upon a different footing from one which is merely general in its terms. . . . In such a case the subject is not clearly expressed in the title. Indeed it is not expressed at all. . . . If it be said the legislature might have meant this, the obvious answer is, that this is a mere possibility, a conjecture; not a clear expression of the intent. Nothing ambiguous can be said to be clear, and this is a decisive answer to the argument that the title is sufficient to lead to inquiry. An inquiry into a dubious or uncertain thing is not the purpose of the amendment (of 1864). Its requirement is that the subject shall be clearly expressed. This word clearly is not in the constitutions of some of the states whose judicial decisions have been cited. Its bearing on the clause cannot be ignored."

These authorities indicate the purpose and the proper interpretation of the constitutional provision in question as understood in this state. So far as the writer is advised, the word "clearly" in this connection is omitted from the constitutions of most of the other states of the Union. The decisions in those states, therefore, cannot be relied upon as precedents in determining the construction of our constitutional provision. As said by Judge COOLEY (Const. Lim., 7th ed., 205): "One of the purposes of the provision was to prevent hodge-podge or 'log rolling' legislation which had become prevalent in most if not all the states of the Union." Our state was not an exception, and "omnibus bills," containing almost everything except what the title indicated, brought about the constitutional amendment of 1864. These evils which had crept into the legislation of the state could only be eradicated by drastic measures, and hence the plain

and unequivocal language of the amendment of 1864 and of the present constitution, which declares that the bill shall contain but one subject which shall be clearly expressed in its title. It was not the intention to interfere with or prevent the legislature from freely enacting proper legislation, but the purpose was to prevent fraud and deception by requiring the title of the bill to disclose fully and clearly its subject so that all interested parties could be heard for and against the proposed legislation if they desired. It was not the title to an act, as will be observed, which the constitutional provision requires to be clearly expressed, but the title to the bill. No bill shall be passed, says the constitution, unless the subject is clearly expressed in the title. If, therefore, the title is defective it cannot be cured by the subsequent enactment of the bill into a law by its being passed by the legislature and approved by the governor. In passing upon the adequacy or sufficiency of the title it must be done regardless of the subsequent enactment of the bill into a law. We cannot look beyond the title and into the body of the bill to determine the validity of the legislation. The title must speak for itself and clearly declare the legislative purpose. The investigator has the right to rely solely on the title without scrutinizing the body of the bill for information as to the subject of the proposed legislation. The constitution requires that notice of the subject shall be contained in the title itself: Com. v. Samuels, 163 Pa. 283, 287; Dailey v. Potter County, 203 Pa. 593, 598. If the title is defective in that it contains more than one subject or only one subject which is not clearly expressed, the law which results from the passage of the bill contravenes the constitution and is void.

In the light of these well settled principles let us examine the title to the act of June 7, 1907. It reads as follows: "An act to further amend section twenty-one of an Act entitled 'An Act to provide revenue by taxation' approved June twenty-seventh, one thousand eight hundred and seventy-nine."

By reference to the pamphlet laws for the year 1879 it appears that no acts of assembly were approved on, June 27 of that year. It is manifest, therefore, that the act of 1907 did not and could not amend an act approved on that date. There was an act entitled "An act to provide revenue by taxation" approved June 7, 1879, P. L. 112, but it contained only eighteen sections, and hence the act of 1907, purporting to amend sec. 21 of a statute, did not refer to or amend the act of 1879. This act does not refer to relief from taxation of securities owned by corporations in their own right. There was also an act entitled "An act to provide revenue by taxation" approved July 15, 1897, P. L. 292, but there are only three sections in it, and therefore there is no twenty-first section to be amended. The act deals with banks and savings institutions, and companies or individuals engaged in the express business, and is still in force and the taxes provided for therein are collected. At least these two acts have the same title, to wit: "An act to provide revenue by taxation," and there are possibly many other acts with the same title, and aside from the dates of these acts, the title of the act of 1907 would apply to either of them. It is apparent that if the date of the approval of the act to be amended by the act of 1907 be disregarded, as it must be, and the act to be amended be treated as simply "an act to provide revenue by taxation," the title would then apply to either the act of 1879 or 1897, or to any other act with the same title. There is nothing in the title of the act of 1907 to show what "act to provide revenue by taxation" the act of 1907 seeks to amend. The subject of the act is, therefore, not only not clearly expressed in the title but is not expressed at all. The title of an amendatory act entirely fails to express the subject, when the act to be amended is not disclosed in some clear and defined manner.

The act of June 7, 1879, was supplemented but not amended by the Acts of June 10, 1881, P. L. 99, June 30, 1885, P. L. 193, and June 1, 1889, P. L. 420. None of the sections of the act of 1879 are now in force. While some

of these supplemental acts deal with the subject-matter of the body of the act of 1907, it is not suggested that the latter act is amendatory of either of these acts.

The Act of June 8, 1893, P. L. 353, has one section, and as appears by the title, it is supplemental to the act of June 7, 1879, and amends the amendment of the supplement thereto approved June 1, 1889, which amendment therein amended was approved June 8, 1891, P. L. 229, "relating to the tax on capital stock." This act of 1891 has eight sections and amends the twenty-first section of the act of June 1, 1889, and repeals all acts inconsistent therewith or supplied thereby.

The title and the body of the act of 1907 refer to sec. 21 of the act of June 27, 1879, as the act to be amended, while the marginal note to the act of 1907 inserted by the statute clerk shows the section and the act to be amended to be "Section 21, act June 8, 1893;" and it is claimed by the appellants that the act of 1893 was intended to be amended by the act of 1907. As noted above, the act of 1893 has but one section and it cites sec. 21 of the amended act of June 1, 1889, for amendment. The title of the act of 1907 is: "An act to further amend section twenty-one of an act entitled 'An act to provide revenue by taxation,' approved June twenty-seventh, one thousand eight hundred and seventy-nine." What is there in the title of the bill which became the act of 1907 to show that the act of 1893 was the subject of legislation in the amendatory act, or to direct attention to the act of 1893 as the act to be further amended? Certainly it is not, as the title declares, that the act is "to further amend" the act of 1879, as that act has never been amended, and it is equally certain that the date of approval of the act to be amended given in the title gives no assistance in ascertaining the act sought to be amended. Neither is the act of 1893 nor any other act referred to in terms in the title. It is manifest, we think, that there is nothing whatever in the title of the act of 1907 that directs attention to the act of 1893, which its title declares to be an act "relating to

the tax on capital stock," as the act to be amended. The act of 1907, as disclosed by the title or body, does not make any change in taxing the capital stock of corporations. Its purpose was to amend the existing law relating to taxing bonds, mortgages, and other securities. The only possible way in which the act of 1893 could be identified as the one to be amended by the act of 1907 would be to search the pamphlet laws from 1879 to 1893 and compare the body of the amendatory act with the other legislation enacted during those fourteen years. This is what the statute clerk in the office of the secretary of the commonwealth did when he tried to find the act proposed to be amended in order to insert the citation in the marginal note, and he testified that he "had a great deal of difficulty" in finding it. It is scarcely necessary to suggest that when such an investigation is required to find the subject of a bill, the constitutional mandate that it be "clearly expressed" in the title is not complied with. Such a title would not enable the investigator to find the subject before the bill became a law. If the titles to all bills introduced in the legislature were as obscure and wanting in clearness as to the subject-matter of the intended legislation as the title of the act of 1907, the constitutional provision would be a nullity and the legislature would again be given the free hand it had prior to the amendment of 1864.

It is suggested that the marginal note to the act of 1907 in the pamphlet laws possesses curative powers and relieves the otherwise defective legislation of its constitutional infirmities. The note is on the margin of page 430 of the pamphlet laws of 1907 and reads: "Section 21, act of June 8, 1893, cited for amendment." We know of no law authorizing the secretary of the commonwealth or his statute clerk to insert in the pamphlet laws this or any similar note as a part of the act in question. The secretary is required to publish the acts of assembly as they appear by the original rolls, but he has no authority to add any explanatory matter to an act by marginal note or

otherwise in the published laws. Neither the constitution nor the laws of the commonwealth confer any such legislative authority on the secretary. Notes of this character greatly aid in an examination of the acts of assembly, and for such purpose are properly inserted in the pamphlet laws.

The contention that the marginal note to an act can have any relevancy in determining the sufficiency of the title of a bill overlooks entirely the language and the purpose of the constitutional provision. It provides that "no bill . . . . shall be passed containing more than one subject which shall be clearly expressed in its title." The purpose of the provision, as all our cases declare, is to give information in the title of the bill to the members of the legislature or other interested parties of the contemplated legislation. How can a marginal note in the pamphlet laws published after the enactment of the statute "give information of the contemplated legislation?" The constitutional mandate is that the bill, before and not after it becomes a law, shall contain but one subject which shall be clearly expressed in the title. An act of assembly is void because the title to the bill which by legislative sanction becomes a law offends the constitutional provision. It is apparent, therefore, that an explanatory marginal note in the pamphlet laws, and especially one that incorrectly cites the section of the act to be amended, cannot aid the title of a bill otherwise constitutionally defective.

We have cited above our cases announcing the general principles applicable in the construction of this constitutional provision. As already observed, the provision is more pronounced than that of most of the other states in its requirement that the subject of a bill shall be clearly expressed in the title, and hence decisions on the subject in other jurisdictions cannot be regarded as authority in construing this provision of our constitution. The similar provisions in the constitutions of New Jersey, Indiana, Texas, Oregon and Michigan, whose decisions are cited by the appellants, do not contain the word "clearly"

which is in our constitution and to which Mr. Justice AG-
NEW, in Dorsey's App., 72 Pa. 192, attaches an important
and controlling effect. The cases in this state more nearly
analogous to the present one are House of Refuge v.
Luzerne County, 215 Pa. 429, and Com. v. Schulte, 26
Pa. Superior Ct. 95.

We think the title of the act of 1907 is misleading and
also defective in that it fails to clearly express the subject
of the legislation, and for this reason the decree of the
court below is affirmed.