## Commonwealth v. Smith.

*Constitutional law—Title of act—Act of April 27, 1925, amending Act of June 30, 1919—Automobiles.*

1. Section 10 of the Act of April 27, 1925, P. L. 254, amending the Automobile Act of June 30, 1919, P. L. 678, providing for the first time that "any persons who shall impersonate the holder of a learner's permit shall be guilty of a misdemeanor," is unconstitutional, inasmuch as it is not referred to in the title of the act.

2. Where an act in its title enumerates specifically a number of sections of an act to be amended, but omits in its title one section which it amends in the body of the act, such section is unconstitutional.

Motion to quash indictment. Q. S. Dauphin Co., Sept. Sess., 1926, No. 103.

*Robert T. Fox*, District Attorney, for plaintiff.

*Paul A. Kunkel*, for defendant.

HARGEST, P. J., Dec. 17, 1926.—The defendant is indicted for impersonating the holder of a learner's permit, in violation of section 10 of the Act of April 27, 1925, P. L. 254. The title to this act amends "sections 2, 3, 4, 5, 7, 9, 20, 24, 25, 26 and 28 of the act" approved June 30, 1919, P. L. 678, as amended. The title does not give notice that section 10 of the Act of 1919 is to be amended, but section 7 of the Act of 1925 amends section 10 by providing for the first time that "any person . . . who shall impersonate the holder of a learner's permit shall be guilty of a misdemeanor."

The Act of 1919 is "An act relating to and regulating the use and operation of motor-vehicles and vehicles propelled by, or trailing after, motor-vehicles; requiring registration of the same, and the licensing of all operators thereof," etc. There are no general words in the title of the Act of 1925 indicating that the latter act makes it an offence to impersonate the holder of a learner's permit.

Section 10 of the Act of 1919 was amended by the Act of May 16, 1921, P. L. 582, and the Act of June 14, 1923, P. L. 718, but those amendments did not make the impersonation of the holder of a learner's permit a misdemeanor.

The defendant moves to quash the indictment on the ground that, in so far as the Act of 1925, under which the charge is brought, purports to amend section 10 of the Act of 1919, the Act of 1925 is unconstitutional because that subject is not clearly expressed in the title. Section 3 of article III of the Constitution of Pennsylvania provides: "No bill, except general appropriation bills, shall be passed containing more than one subject, which shall be clearly expressed in its title."

Of course, it is not required that the title should be an index of what is contained in the act. It need only direct attention to what is therein contained: Com. v. Keystone Benefit Association, 171 Pa. 465, 473. The difficulty with much legislative drafting is that the title contains too much, and in that event is likely to be misleading. Our constitutional requirement is that the subject "shall be clearly expressed in the title." The word "clearly" is omitted from the constitutions of most of the other states (Provident Life and Trust Co. v. Hammond, 230 Pa. 407), and, as said in Lycoming Fair Association v. Lycoming County, 65 Pa. Superior Ct. 307, "all our cases are clear and emphatic that the title, whether full or meager, must not be misleading: Philadelphia v. Market Co., 161 Pa. 522, 527;" and, as also said in Com. v. Barbono, 56 Pa. Superior Ct. 637, 643: "While the title of an act need not be a complete index to its contents, a misleading title is neither, in letter nor in spirit, a compliance with the constitutional mandate that the subject of the bill must be clearly expressed in the title. Such misleading titles have always been condemned in all the decisions from Dorsey's Appeal, 72 Pa. 192, down to Provident Trust Co. v. Hammond, 230 Pa. 407, and many acts or parts of acts have been declared unconstitutional for that cause."

Nor should a title "tend to avert inquiry into the contents" of the act: Com. v. Dickert, 195 Pa. 234. And if the subject of a statute is not clearly expressed in the title "the excess beyond the clear expression will be held void:" Spangler's Estate, 281 Pa. 118.

If the draftsman of the Act of 1925 had contented himself with a title which gave notice that it amended the Act of June 30, 1919, P. L. 678, without specifically stating what sections of the Act of 1919 were amended, the title would have been sufficient. This was not done, but the specific sections to be amended were set out in the title, and section 10 was not mentioned. One examining the title had no notice that section 10 was to be amended. Therefore, attention was diverted from it. The title was misleading because it awakened no inquiry as to section 10. The principle of *expressio unius exclusio alterius* must be applied to titles as well as to other parts of statutes. Looking at this title one would assume that only those sections specifically mentioned are to be amended, particularly since the title contains no general words that a new offence, namely, that of impersonating the holder of a learner's permit, is created.

The case of Provident Life and Trust Co. v. Hammond, 230 Pa. 407, is in point. The title was: "An act to further amend section 21 of an act entitled 'An act to provide revenue by taxation,' approved June 27, 1879." By reference to the Pamphlet Laws of 1879 it appears that no act of assembly was approved on June 27th of that year, and the act "to provide revenue by taxation, which was approved June 7, 1879, contained only eighteen sections. It did not have twenty-one sections. There was also an act entitled "An act to provide revenue by taxation," approved July 15, 1897, P. L. 292, but it had only three sections. It was apparent, from an outside study of the situation, that the Act of June 7, 1907, P. L. 430, intended to amend section 21 of the Act of June 8, 1893, P. L. 353, which was an amendment of the Act of 1879, and

such intention was indicated on the marginal note of the Pamphlet Laws, but marginal notes are not a part of the statute. The court held that the title was misleading and the act invalid.

There is, therefore, no escape from the conclusion that the title of this act is misleading and that so much of the Act of 1925 which attempts to amend section 10 of the Act of 1919 is unconstitutional and void. It follows that that there is no such offence as impersonating the holder of a learner's permit, and that the indictment must be quashed.

Now, Dec. 17, 1926, the indictment is hereby quashed.

From Homer L. Kreider, Harrisburg, Pa.