Paasch *v.* Wright et al., Appellants.

Argued January 7, 1935. Before FRAZER, C. J., SIMP-
SON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*J. B. Held,* with him *Paul L. Hutchison,* Deputy Attor-
ney General, and *Wm. A. Schnader,* Attorney General,
for appellants.

*Frank B. Quinn,* with him *Charles H. English,* of *Eng-
lish, Quinn, Leemhuis & Tayntor,* for appellee.

OPINION BY MR. JUSTICE SIMPSON, March 25, 1935:
Defendants, who are the commissioners appointed un-
der the authority of the Act of May 27, 1921, P. L. 1180,
and who, so far as this record discloses, have no power or
authority in the premises save as given to them by that
statute, appeal from a decree of the court below enjoin-
ing them "from interfering with the occupancy and pos-

session of the plaintiff to [a certain] wharf and/or pier as presently located, and the said defendants are further enjoined and/or restrained from erecting or causing to be erected any stall, wharves, piers or other buildings or obstructions of any kind or nature which might in any manner interfere with the plaintiff's right of ingress and egress up to a point sixty feet north of the north line of the plaintiff's wharf or pier as presently located." The decree must be affirmed.

It is admitted that plaintiff is in possession of the wharf property, the subject-matter of the dispute, and that his title arises through a public sale thereof, made by the burgess and town council of Erie, followed by a deed to the purchaser thereof, the proceeding being expressly authorized by the Act of March 29, 1805, 17 Stat. at Large 1005, 1009, as amended by the Act of April 8, 1833, P. L. 275, 279; that no one else has or claims to have any interest therein; and that defendants' right to interfere with plaintiff's possession arises solely, if at all, under and by virtue of the powers contained in the Act of May 27, 1921, supra, under the terms of which they were appointed. Their contention is that the grant made under the authority of the Act of March 29, 1805, as amended, supra, and the various proceedings and agreements, made by and between plaintiff and the borough and town council, under like legislative authority, while purporting to give to plaintiff's predecessors a fee simple title, in reality gave to them only a revocable grant, so far as concerned any part of the land which then underlaid navigable waters, because the Commonwealth's title thereto was in trust for the benefit of the public generally, and any grant, which would be in derogation of the trust, was revocable whenever it became necessary, in the interest of the general public, to enforce the trust. This unquestionably is the general rule, was so recognized by the court below, and the time may come when the courts will have to determine whether or not it applies to plaintiff's title to the property, the subject of this dispute.

But, as we are clearly of opinion that appellants have, as yet, no legal standing to enforce the right, even if it exists, we need not further pursue that phase of the matter.

As we have already stated, appellants' authority, is limited to that given them by the Act of 1921, supra. Its title is "An act dedicating certain lands of the Commonwealth of Pennsylvania, situated in the City and County of Erie, to public use as an historical memorial and public state park; aiding in the development of the harbor of Erie; and creating a commission to manage and control said lands and said harbor improvements; empowering said commission to purchase or receive by gift other lands for the purpose of this act; providing for the appointment of members of said commission, and that the secretary of internal affairs and the commissioner of fisheries shall be ex officio members thereof; defining the duties and powers of said commission; *excepting rights and privileges in said lands heretofore granted;* and making an appropriation."

Assuming, as we do for the purposes of this appeal, that plaintiff's "rights and privileges" in the land here in dispute, were revocable whenever the Commonwealth chose to exercise its reserved power and authority in that regard, the Act of 1921, which alone is relied upon for that purpose, shows this was not intended, if the foregoing italicized words in the title are controlling; as in law they are.

Article III, section 3, of the state Constitution provides that "No bill, except general appropriation bills, shall be passed containing more than one subject, which shall be clearly expressed in its title." In Provident L. & T. Co. v. Hammond, 230 Pa. 407-8, we decided that "The purpose of the constitutional enactment was to prevent fraud and deception by requiring the title of the bill to disclose fully and clearly its subject so that all interested parties could be heard for and against the proposed legislation if they desired. It was not the title to an act which the constitutional provision required to be clearly

458

expressed, but the title to the bill." And in Phillips's Est., 295 Pa. 349, 353: "We have also steadily held to the requirement of a *clear* expression, in contradistinction to one which can only be reached by a process of reasoning: Provident Life & Trust Co. v. Hammond, 230 Pa. 407; Investor's Realty Co. v. Harrisburg, 281 Pa. 200; Guppy v. Moltrup, 281 Pa. 343."

Applying these principles the necessary conclusion is plain. After specifying generally what is the scope of the statute, the title excepts therefrom "rights and privileges in said lands heretofore granted." There is no limitation to this exception. In broad language the title provides for a "commission to manage and control said lands and said harbor improvements . . . excepting rights and privileges in said lands heretofore granted." One reading this title would necessarily conclude that those who, like the plaintiff in this case, had "rights and privileges in said lands heretofore granted," would not be affected if the bill was passed. Hence the statute does not apply to plaintiff's land, and the attempt of the commission to disturb his rights therein is, for that reason, wrongful, and they cannot justly complain because they were restrained from such wrongful interference. If, however, doubts existed as to whether or not plaintiff's rights in the land were subject to the powers of the commission, the same conclusion would be reached, since, in that event, the liability would not be *"clearly* expressed in the title," and hence, under the constitutional provision, could not legally be included within the purview of the act.

In view of what we have said it is unnecessary to consider whether or not the statute contains more than "one subject," and hence is unconstitutional for that reason also.

The decree of the court below is affirmed and the appeal is dismissed, but without costs in this court.