# Frankford & Southwark Philadelphia City Passenger Railway Co., Plff. in Err., v. City of Philadelphia.

City councils have the right to impose conditions in giving street railway companies authority to occupy the streets of the city.

The Frankford & Southwark Philadelphia City Passenger Railway Company, having filed a bond to comply with the provisions of the ordinances of the city of Philadelphia, is bound to pave and keep in repair all the streets upon which its tracks are laid.

(Decided March 1, 1886.)

Error to the Common Pleas, No. 3, of Philadelphia County to review a judgment for plaintiff.  Affirmed.

The following is the agreed statement of the case:

In the summer of 1882 the chief commissioner of highways of the city of Philadelphia notified the defendant to at once repair Berks street from Second to Howard.  In response to that notice, which was dated June 22, 1882, the defendant, through the president of the corporation, made reply, averring

NOTE.—Municipal authorities may impose conditions upon a street railway company when consent is given to the occupancy of the streets.  People's Pass. R. Co. v. Union Pass. R. Co. 3 Pa. Dist. R. 717, 15 Pa. Co. Ct. 498, 35 W. N. C. 311.  And, where the ordinance is accepted, the company becomes subject to all the requirements of the ordinance.  Allegheny v. Millville, E. & S. Street R. Co. 159 Pa. 41, 28 Atl. 202; Plymouth Twp. v. Chestnut Hill & N. R. Co. 168 Pa. 181, 4 Pa. Dist. R. 8, 32 Atl. 19.  And it is no defense to a proceeding to enforce these duties that great hardship would be imposed (Ashland v. Ashland & C. Electric R. Co. 27 Pa. Co. Ct. 346); or that the condition imposed by the municipality is *ultra vires* (Carlisle v. Cumberland Valley Electric Pass. R. Co. 22 Pa. Co. Ct. 221, 8 Pa. Dist. R. 497).

Where the condition requires the paving or repairing of streets, the municipality may recover the cost thereof from the railway company.  Philadelphia v. Second & Third Streets Pass. R. Co. 13 Pa. Co. Ct. 580, 2 Pa. Dist. R. 705.  But, if the obligation to pave or repair is to be preceded by notice from the municipality, such must be given before liability attaches.  Philadelphia v. Hestonville, M. & F. R. Co. 203 Pa. 38, 52 Atl. 184.  And the same rule as to notice is held to apply where the street railway company agrees to indemnify the municipality against loss for injury for defects in streets, no notice of the defect having been given.  Gilberton v. Schuylkill Traction Co. 22 Pa. Super. Ct. 279.

See also editorial note to Galveston & W. R. Co. v. Galveston, 36 L. R. A. 33, presenting in full the authorities as to municipal power to impose conditions when giving assent to street railway in street.

that it was not legally bound to make said repairs. On November 4, 1882, the chief commissioner of highways notified the defendant that he had been instructed by the committee on highways to say that in case said corporation did not at once repair Berks street he would stop the running of the cars and do the work at the expense of said defendant. The said defendant on November 11, 1882, answered that communication, again denying liability.

Subsequently, the said city of Philadelphia, through the proper authorities, advertised for proposals, to wit, on November 27, 1882, to repave Berks from Howard to Second street with cobblestones. The repaving was necessary. The contract for said work was awarded to George H. Miller for $1,465.00. The written contract between him and the city of Philadelphia was dated March 31, 1883. He did the work, and on May 10, 1883, was paid the contract price by warrant No. 496. The railroad tracks of the defendant corporation ran over and along said Berks street from Howard to Second street.

The act of assembly which provides for the incorporation of the defendant was approved April 4, 1854, and invests it with "power and authority to construct a railroad, beginning at a point north of Cherry street, Kensington, in the county of Philadelphia, and thence through the eastern part of Montgomery county, by way of Pennepeck creek to or near the village of Hatborough, and thence by way of New Hope or Riegersville or any point between said New Hope or Riegersville, to the borough of Easton, in Northampton county." Letters patent were issued March 22, 1856.

The said Cherry street is now known as Montgomery avenue; and Berks street, the street which was paved, as aforesaid, lies one square north of it.

By the act of assembly approved June 9, 1857, which was a supplement to the act of incorporation, the said defendant was authorized to extend its road with a single track from its then southerly terminus at Sixth and Cherry streets, Kensington, down Sixth to Morris; along Morris to Fifth, and northward on Fifth street to Cherry street, aforesaid.

The said act with other things provided, § 1: "Before the said company shall use and occupy the said street, the consent of the councils of the city of Philadelphia shall be first given, and said consent shall be taken and deemed to be given if the

said councils shall not, within thirty days after the passage of this act, by ordinance duly passed, signify their disapproval thereof."

The rails on Berks street were laid in the year 1857. The first car to carry passengers on this main part of the road was run January 20, 1858.

The act also provides that the said streets shall be kept in repair by the railway company. This act, as above set forth, empowered the councils of Philadelphia to disapprove of its, provisions. By an ordinance approved July 7, 1857, entitled "An Ordinance to Regulate Passenger Railways," the councils. expressly withheld their assent to the act of June 9, 1857, unless the defendant company, by its proper officers, should, on or before the 8th of July, 1857, file with the city solicitor a written obligation to comply with the provisions of the said ordinance. The obligation was duly filed July 8, 1857.

If the court be of opinion that the said defendant is obliged to be at the cost of maintaining, paving, repairing, and repaving the said Berks street between the points named, to wit, Howard and Second streets, then judgment is to be entered for the said plaintiff for the sum of $1,465, with interest thereon; but if not, then judgment to be entered for the defendant. The costs to follow the judgment, and either party hereby reserves the right to sue a writ of error therein.

The court entered judgment for plaintiff and the defendant brought error.

*Wm. Henry Lex,* for plaintiff in error.—A statute will not be construed to act retrospectively unless the intent be indicated in clear and positive language. Oliphant v. Smith, 6 Watts, 449; Neff's Appeal, 21 Pa. 243; Ihmsen v. Monongahela Nav. Co. 32 Pa. 153; Steckel's Appeal, 64 Pa. 493. See also other cases cited in 2 Brightly's Digest, 2205.

If such be the case the same rule of construction will hold good in reference to an ordinance. Or perhaps the construction would be more strict, since an ordinance is only a rule or by-law of a municipal corporation. Kepner v. Com. 40 Pa. 130.

*Frank M. Riter, Robert Alexander,* and *Charles F. Warwick,* for defendant in error.—Where, under the general statutes of a state, a railroad company was forbidden to construct and

operate its road upon the streets of an incorporated city without the assent of the corporate authorities, it was not limited to a simple granting or denial of the right of way, but might prescribe the conditions on which it would give its assent; and, if these are accepted by the railroad company, they are binding upon the parties. Dill. Mun. Corp. 3d ed. § 706 (559); Pacific R. Co. v. Leavenworth, 1 Dill. 393, Fed. Cas. No. 10,649; New York & H. R. Co. v. New York, 1 Hilt, 563; Mercer v. Pittsburgh, Ft. W. & C. R. Co. 36 Pa. 99; Faust v. Passenger R. Co. 3 Phila. 164; Philadelphia v. Lombard & S. Street Pass. R. Co. 4 Brewst. (Pa.) 14; Hestonville, M. & F. R. Co. v. Schuylkill River Pass. R. Co. 6 Phila. 141; Musser v. Fairmount & A. Street R. Co. 5 Clark (Pa.) 470; Philadelphia v. Lombard & S. Street Pass. R. Co. 3 Grant Cas. 403.

OPINION BY MR. JUSTICE PAXSON:

A very few words will dispose of this case. The plaintiff in error admits its liability to pave and keep in repair all the streets south of Cherry street which it occupies with its tracks. It claims, however, to be exempt from this burden as to all streets north of Cherry street.

It was conceded that the consent of the city councils was necessary in order to authorize the company to occupy streets south of Cherry street. That consent was granted upon the condition that the company should first comply with the ordinances of councils regulating passenger railway companies. That the councils had the right to impose conditions in giving their assent is settled law. Mercer v. Pittsburgh, Ft. W. & C. R. Co. 36 Pa. 99; Dill. Mun. Corp. § 706 (559).

This, however, is not disputed, as the company on the 8th of July, 1857, filed its bond in the office of the city solicitor referring to the ordinance of July 7, 1857, requiring all passenger railway companies to file in the office of the city solicitor "a written obligation to comply with the provisions of the said ordinance;" reciting further a resolution of the directors of the said company passed July 7, 1857, that the company would comply with the provisions of said ordinance. The condition of this bond was as follows: "Now, therefore, Know all men by these presents, that the Philadelphia & Delaware River Railroad Company do hereby bind themselves to, and covenant and agree, to and with the city of Philadelphia as follows: That is to

say, that they, the said Philadelphia & Delaware River Railroad Company, their successors and assigns, will well, faithfully, and truly comply with the provisions of the said ordinance and perform all the conditions and execute the provisions thereby laid and imposed upon them."

One of the conditions laid upon the railroad companies by the 3d section of the ordinance aforesaid was that they "shall be at the entire cost and expense of maintaining, paving, repairing, and repaving that which may be necessary upon any road, street, avenue, or alley occupied by them."

Having given bond to comply with this ordinance the company was plainly chargeable with the duty of paving the street in question, and whether it was above or below Cherry street is wholly immaterial.

We find no error in this record.

Judgment affirmed.