# Philadelphia to use of Michael O'Rourke to use of William Kelley *v.* Fremont Bowman, Appellant.

[Marked to be reported.]

*Streets railways—Original paving—Road law—Municipalities.*

Where the legislature has imposed upon a street railway company the obligation of paying for the original paving of a street, an abutting landowner can set up such legislative action as a defence to a suit brought by the city against himself to recover the cost of the original paving.

Argued Feb. 1, 1895.   Appeal, No. 146, July T., 1894, by defendant, from order of C. P. No. 4, Phila. Co., March T., 1893, No. 172, M. L. D., making absolute a rule for judgment for want of a sufficient affidavit of defence.   Before GREEN, WILLIAMS, McCOLLUM, MITCHELL and FELL, JJ.   Reversed.

Rule for judgment for want of sufficient affidavit of defence in sci. fa. sur municipal lien for paving.

The affidavit of defence averred:

" That, as appears, by the claim filed, it is for paving against the premises therein described, on Kensington avenue.   That the said Kensington avenue was, at the time of said paving, and for about one year prior thereto, occupied by the tracks of the Frankfort and Sonthwark Philadelphia City Passenger Railway Company.

" That an act entitled, ' An act to incorporate the Philadelphia and Delaware River Railroad Company,' approved April 4, 1854, P. L. 759, authorized the said railroad company to construct a railroad, beginning at a point north of Cherry street, in the county of Philadelphia, and thence through the eastern part of Montgomery county to the borough of Easton, in Northampton county.   That a supplement to said act, approved June 9, 1857, P. L. 802, provided, 'That the said Philadelphia and Delaware River Railroad Company shall have authority to extend their road southerly from its present terminus, at Sixth and Cherry streets, Kensington, along the former street to Norris street, in Southwark, with a single track; thence easterly, along the same, to Fifth street; thence northerly, along the latter street, to the aforesaid Cherry street, with the privilege of occupying Germantown road, from its intersection with Fifth street, until the said Fifth street shall be duly declared open, provided that the said road shall be used exclusively for a city passenger railway by horse locomotion; And provided, further, that the gauge of said road shall be five feet two inches, and that before the said company shall use and occupy the said streets, the consent of the councils of the city of Philadelphia shall first be given, and the said consent shall be taken and deemed to be given if the said councils shall not, within thirty days after the passage of this act, by ordinance duly passed, signify their disapproval thereof, and said councils may from time

to time, by ordinance, establish such regulations, in regard to said railway, as may be required for the paving, re-paving, grading, culverting and laying of water and gas pipes in and along said streets, and to prevent obstructions thereon.'

" That section 8 of said supplement to said act further provides as follows : ' That it is hereby provided that the Philadelphia and Delaware River Railroad Company shall, in constructing their track along the highways referred to, conform to the grades established, or which may be hereafter established by the board of surveys of the city of Philadelphia, and be subject to any ordinances passed by the councils of the said city, relating thereto, provided, that the streets thus occupied by the aforesaid railway, shall be kept in repair by said railway company, and no burden trains to be carried over said road.'

" That by a further supplement to said act, approved April 9, 1858, P. L. 237, it is provided : ' That from and after the passage of this act, the title of the said Philadelphia and Delaware River Railroad Company, shall be changed and known by the title of the Frankford and Southwark Philadelphia City Passenger Railroad Company.'

" That the said Frankford and Southwark Philadelphia City Passenger Railroad Company occupied and used said Kensington avenue with double tracks, which occupancy and use was confirmed and approved, as deponent is advised, by said supplement to said act, approved April 9, 1858, P. L. 237.

" That by a further ·supplement, approved March 4, 1863, P. L. 107, it is provided that ' The Frankford and Southwark Philadelphia City Passenger Railroad Company be, and they are hereby authorized to use steam power to propel cars upon so much of their road as lies north of their depot on Berks street ; and the said company is hereby authorized to use that part of their said road heretofore mentioned, for the transportation of merchandise.'

" That after the passage of said act of June 8, 1857, and within thirty days thereafter, it was provided by ordinance, approved July 7, 1857, Ordinance 248, entitled, ' An ordinance to regulate passenger railways,' as follows :

" ' Section 1. That all passenger railroad companies within the city of Philadelphia, shall be subject to the restrictions, limitations, terms and provisions, hereinafter provided ; and any

such company, before entering upon any road, street, avenue or alley, within the limits of said city, shall be understood and deemed to be subject thereto upon the conditions hereinafter prescribed.

" ' Section 3. That all railroad companies, as aforesaid, shall be at the entire cost and expense of maintaining, paving, repairing and repaving, that may be necessary upon any road, street, avenue or alley, occupied by them.

" ' Section 9. Any passenger railroad company which is now, or may hereafter be incorporated in the city of Philadelphia, shall, by their proper officer or officers, who shall sign the same, file in the office of the city solicitor, a written obligation to comply with the provisions of this ordinance, provided, that no railroad company now incorporated, shall be authorized to commence work upon any of the highways of the city, until this section has been complied with, and a failure to do so for ten days, shall be taken and deemed as a refusal on the part of such company; and in case the Philadelphia and Delaware River Railroad Company should fail to comply with the provisions of this section on or before the 8th of July, proximo, the city councils hereby express their disapproval under an act entitled, " A supplement to an act to incorporate the Philadelphia and Delaware River Railroad Company," approved June 9, 1857, which provides for the construction of their passenger railway, by a private corporation, over Fifth and Sixth streets, in the city of Philadelphia.'

" That on July 8, 1857, the said railroad corporation did file with the city solicitor two written obligations, as follows :

" ' Resolved, that the Philadelphia and Delaware River Railroad Company, do hereby assent to and accept the ordinance passed by the select and common councils of the city of Philadelphia, and approved July 7, 1857, entitled, " An ordinance to regulate city passenger railways." And do agree and consent to all the terms, stipulations and conditions therein contained and set forth, to be kept, performed and observed by the said company.'

" ' Second. Resolved, that a copy of the above and of this resolution be signed by the president and certified by the secretary, and the seal of the corporation be thereto affixed, and the same be filed forthwith in the office of the city solicitor. Signed by president and secretary.

" That said obligation has the following indorsement upon it : ' July 8, 1857, I received this document from Edwin Olmstead, Esq., and at the time of receiving it, I objected to it as an insufficient compliance with the terms of the ordinance. WILLIAM A. PORTER, City Solicitor.'

" That the said obligation not being regarded as a compliance with the terms of the ordinance by the then city solicitor, the said City Passenger Railway Company took further action thereon and filed with the city solicitor the following agreement and obligation :

" ' Whereas, by an ordinance of the city of Philadelphia, approved July 7, 1857, entitled " An ordinance to regulate passenger railways," it is provided that any passenger railway company which was then or should be thereafter incorporated in the said city, should by their proper officers file in the office of the city solicitor a written obligation to comply with the provisions of said ordinance, under the penalties therein contained in default thereof : and it was further provided that " in case the Philadelphia and Delaware River Railroad Company should fail to comply with the provisions of this section," that is to say, section 9 of said ordinance, on or before the 8th day of July prox., the city councils hereby express their disapproval under an act entitled " Supplement to an act to incorporate the Philadelphia and Delaware River Railroad Company, approved June 9, 1857," etc.

" ' And whereas, the directors of said corporation—The Philadelphia and Delaware River Railroad Company—did at a meeting held on the 7th day of July, 1857, resolve : That the said company would comply with the provisions of the said ordinance, and did direct that a copy of the said resolution, sealed with the corporate seal of said company, and signed by the officers, should be filed in the office of the city solicitor, which filing was made July 8, 1857 ; and whereas, it is thought proper by the said company to oblige themselves to comply with the provisions of the said ordinance in a more formal manner :

" ' Now, therefore, Know all men by these presents, that the Philadelphia and Delaware River Railroad Company do hereby bind themselves to and covenant and agree to and with the city of Philadelphia as follows, that is to say, that they the

said Philadelphia and Delaware River Railroad Company, their successors and assigns, will well, faithfully, and truly comply with the provisions of the said ordinance and perform all the conditions and execute the provisions thereby laid and imposed upon them.'"

Witnessed with the corporate seal, etc.

" That the last mentioned obligation was received by William A. Porter, Esq., city solicitor, and filed July 8, 1857.

" That by the aforesaid act of assembly, the supplements thereto, and the conditions of the ordinance giving the consent of councils, and by the obligations thus filed with the city solicitor, it became the duty of the Frankford and Southwark Philadelphia City Passenger Railway Company to pave the said Kensington avenue and to maintain said avenue in good order and repair of its full width at all times, and if the said avenue needed paving, repaving or repairing, it was the duty of the city of Philadelphia to compel said railroad company to do said work at its own expense and without expense to the taxpayers of Philadelphia, and the owners of property along the line of said street, and your deponent is advised that the abutting owners are not liable for the costs of such paving, and that the city of Philadelphia has no legal right to file municipal claims against deponent's property for the costs of said paving.

" That deponent further avers that the city of Philadelphia allowed and permitted the said railway company to construct and lay double tracks along said Kensington avenue in front of said property of this deponent, and to use said tracks in the business of said railway company, over which were operated dummy street passenger cars propelled by steam, for a period of one year or more, without requiring said company to pave said avenue as required by law, thereby rendering said avenue a nuisance and absolutely useless and impassable for vehicles, teams or other conveyances than the railway company's cars to pass through, along or over said portion of said highway, thereby rendering the property of said deponent absolutely useless for all business purposes for a period of more than one year, so that in driving in, or upon said premises his tenants were obliged to use a rear entrance. That by reason thereof this deponent was damaged in the sum of one thousand dollars from loss of rent alone, he being unable by reason of the con

dition of said avenue as aforesaid to rent said premises, which damages he claims the right to set off in this action." ·

*Error assigned* was making rule absolute.

*Frank P. Prichard, Wendell P. Bowman* with him, for appellant.—The statute and ordinance, taken together, constitute the charter of the railroad company, and under them it was bound to pave the street. If so, this obligation relieved the abutting property owner from any liability to the contractor for the paving: Phila. v. Spring Garden Market Co., 161 Pa. 522.

The city had no authority to relieve the company from the obligation to pave, and the ordinance of 1859 was invalid.

There is a broad distinction between this charter and a charter such as was involved in Phila. v. Evans, 139 Pa. 483, where the railway company was, by its charter, expressly made subject to all ordinances heretofore passed, or thereafter to be passed, regulating passenger railway companies.

The ordinance of 1859 has no special reference to the Philadelphia & Delaware River Railway Company.

*John M. Ridings,* for appellee.—By ordinance, dated April 1, 1859, councils repealed so much of § 3 of the ordinance of 1857 as required railway companies to pave streets which had not theretofore been paved, and the real question in the present case is whether this repeal relieved the railway company from the obligation to pave.

It is further submitted that the provisions of the charter under which the railway company in question was incorporated are in effect the same as in the case of Phila. v. Evans, 139 Pa. 483, cited by defendant. In that case it was stipulated in the charter that the railroad company should be subject to " all ordinances which had heretofore or might thereafter be passed by councils, regulating passenger railway companies."

All the questions which have been raised in this case were decided by this court in the case of Leake et al. v. City et al., 150 Pa. 643.

The case of Phila. v. Ridge Ave. Pass. Ry., 143 Pa. 444–471, cited by appellant, sustains appellee's contention.

OPINION BY MR. JUSTICE GREEN, Feb. 18, 1895 :

As this case raises only a question of the sufficiency of the affidavit of defence to prevent judgment, we are of course not at liberty to regard any other matters than such as appear in the affidavit. The action was a scire facias upon a municipal claim for paving the street in front of the defendant's lot. The defence was that a designated passenger railway company was legally bound to do the work for which the claim was made, and therefore the defendant was not liable. In the case of Philadelphia v. The Spring Garden Market Co., 161 Pa. 522, we held that where the legislature has imposed upon a street railway company the obligation of paying for the original paving of a street, an abutting landowner can set up such legislative action as a defence to a suit brought by the city against himself to recover the cost of the original paving. Our Brother MITCHELL, delivering the opinion, said, " We see nothing to prevent the property holder from taking advantage of the provisions of the act of 1864. That act, it is true, is a charter, and in that sense a contract between the state and the company, to which the property owner is not a party. But, as was said by SHARSWOOD, J., in Penn. & Ohio Canal Co. v. Graham, 63 Pa. 290, ' the charter is indeed a contract imposing upon the corporation the burden of performing a certain duty to the public,' and in the present case the intent is clear to put on the railway company that portion of the public duty which relates to the paving of streets, and thereby to relieve the abutting property owner."

In the case at bar the affidavit of defence sets up the act of June 9, 1857, P. L. 802, which is a supplement to the charter of the Philadelphia and Delaware River Railroad Company, which subjects that company to any ordinances passed by the city councils with reference to the grading, paving, repaving, etc., of the streets over which their railway is laid, and a proviso that the said streets shall be kept in repair by the railway company. The affidavit further asserts that the railway built by the said company is laid upon the street on which the defendant's property is situated, and further sets forth certain city ordinances which provide that all passenger railway companies within the city shall be at the entire cost and expense of maintaining, paving, repaving and repairing that may be necessary

upon any road, street, avenue or alley occupied by them. The act of 1857 and the various ordinances of the city which are described in the affidavit of defence, make out an apparent non-liability of the defendant for the work claimed for in this action, and therefore it was error to enter judgment for want of a sufficient affidavit of defence. A discussion appears in the paper-books upon the effect of another and later ordinance of the city upon the defendant's liability, but as that ordinance does not appear on the record, we can take no cognizance of it at this time.

A prima facie defence is set forth in the defendant's affidavit and therefore judgment must be deferred until a final hearing.

Judgment reversed and procedendo awarded.