## The Borough of Duquesne, Appellant, v. G. D. O. Kunze.

*Road law—Paving by street railway—Liability of abutting owner.*

Where a borough has been reimbursed by a street railway company for the cost of paving the roadway of a street, it cannot again collect the cost of the same from the abutting properties.

Argued April 11, 1898.   Appeal No. 78, April T., 1898, by plaintiff, from judgment of C. P. No. 2, Allegheny Co., Oct. T., 1896, No. 371, on case stated, in favor of plaintiff.   Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ.   Affirmed.

Case stated.   Before FRAZER, J.

The facts sufficiently appear in the opinion of the court below which is as follows :

On August 24, 1894, the plaintiff borough, under an ordinance duly adopted on January 3, 1893, let the contract for the grading, paving with vitrified bricks and curbing of Duquesne avenue, in that borough, between Grant and Oliver avenues. The work was begun in September, 1894, and completed in August, 1895.   On April 10, 1895, the White Electric Traction Company, a corporation organized under the general street railway act of 1887, was by an ordinance duly adopted granted permission by the authorities of plaintiff borough to lay down and construct its tracks and electrical equipment on said Duquesne avenue, provided it would "pave, or pay the reasonable cost of paving, the entire roadway of said avenue, between Grant and Oliver avenues," being the entire paving authorized by the ordinance January 3, 1893, above referred to.   The traction company accepted the provisions of the ordinance of April 10, 1895, and upon the completion of the paving, grading and curbing of said Duquesne avenue, between the avenues named, which work was done by the borough, paid into the borough treasury the sum of $4,831.13, being the full cost of such paving.

On September 7, 1895, a board of viewers was appointed to determine the costs, damages and benefits on account of the said grading, paving and curbing.   The report of the viewers

shows the same to be as a whole the sum of $9,180.65, of which sum $5,431.98 was assessed as benefits upon the property abutting on said Duquesne avenue, between Grant and Oliver avenues, and the remainder thereof, viz : $3,748.67, was assessed upon the plaintiff borough.

The defendant in this case is the owner of a lot of ground abutting on that portion of Duquesne avenue improved under said ordinance, and the viewers assessed against her said lot as benefits on account of such grading, paving and curbing, the sum of $638.05.

Upon the foregoing facts we are asked to say whether or not the defendant is entitled to a credit on account of her said assessment by reason of the payment made by the said Electric Traction Company for paving said avenue.

It is primarily the duty of a municipality to improve its streets, and the obligation of an abutting property holder to pay any portion of the cost of the improvement rests solely on statutory imposition, and is based upon supposed benefits to the property by reason of the improvement. In this case the improvement of Duquesne avenue, between Oliver and Grant avenues, was legally authorized, the work duly completed and a board of viewers appointed as provided by the Act of May 16, 1891, P. L. 71, to ascertain and determine the costs, damages and expenses of such grading, paving and curbing, and to fairly and ratably assess the same upon the property benefited.

The viewers so appointed found the entire cost of the improvement to be $9,180.65; their report does not show what portion of that amount is for grading, what portion for paving, or what portion for curbing. Their report merely shows the aggregate amount of all, $3,748.67 of which is to be paid by the borough, and the remainder by abutting property owners, the defendant's proportion as an abutting property owner being $638.05.

The amounts of the benefits assessed against the defendant is made of three items : (1) grading, (2) paving, and (3) curbing ; while the report does not set forth the cost of each of these items, the borough authorities ascertained the cost of the item for paving, and after the completion of the improvement, and before issuing a sci. fa. to collect the assessment made by the viewers against the defendant, collected from the White Electric Traction Company the full amount of the entire cost of

paving. Does any portion of the payment made by the traction company inure to the credit of the defendant?

Article 17, section 9 of the constitution provides as follows: "No street passenger railway shall be constructed within the limits of any city, borough or township without the consent of its local authorities," and the same provision is contained in the general street railway act of 1887. Under the constitutional provision above quoted the power of the municipal authorities to give or refuse consent to a street railway company to construct its railway upon the streets of the municipality is unlimited and unqualified.

Under that provision the local authorities may refuse a company the right to use the streets of the city or borough, or the right may be granted subject to reasonable and proper restrictions or conditions.

In this case the borough, by an ordinance duly adopted, granted the privilege to the White Electric Traction Company to use Duquesne avenue, provided the traction company "pave, or pay the reasonable cost of paving, with vitrified bricks, the entire roadway of said avenue, between Grant avenue and Oliver street."

The traction company accepted the provisions of the ordinance, and after Duquesne avenue had been paved by the borough, between the streets above named, paid to the borough the sum of $4,832.13, being the full cost price of such paving. The borough certainly had the power to require the traction company to pay for the paving of Duquesne avenue, and having done so, we see nothing to justify the borough in refusing to give credit to the defendant upon the assessment for the amount charged against her on account of the paving which has already been paid for by the traction company.

It seems clear to us that when the borough provided in the traction company's ordinance that it should either pave or pay the cost of paving Duquesne avenue, the burden of performing that duty was thereupon transferred from those then liable to the shoulders of the traction company, and that company having accepted the ordinance and paid the cost of the paving, it necessarily follows that both the municipality and the abutting property owners were relieved to that extent from the burden of the improvement. If the traction company had done the

paving itself, there could be no charge for such work against the defendant, and the fact that the borough's contractor did the work, which was paid for by the traction company, does not change the situation. The borough has been reimbursed by the traction company, for the cost of the paving, and it cannot again collect the cost of the same from the abutting property holders.

Under the facts set forth in the case stated, we are of the opinion that the amount paid by the White Electric Traction Company on account of paving, inures pro rata to both the borough and the abutting property owners, and do therefore accordingly find that the defendant is entitled to a credit on the assessment made against her in the proportion which said sum of $4,832.13 paid by the said traction company bears to said sum of $9,180.65, the whole cost of the improvement.

And now, June 29, 1897, in accordance with the foregoing views, it is ordered that judgment be entered in favor of the plaintiff and against the defendant, in the sum of $302.44, with interest from May 1, 1896, and costs of suit. Plaintiff appealed.

*Errors assigned* were (1) in entering judgment under the second alternative of the case stated, for $302.44. (2) In not entering judgment under the fourth alternative of the case stated for $638.05 the full amount of plaintiff's claim.

*Chas. B. Payne,* for appellant.—The report of the viewers shows that the whole improvement cost $9,180.65, of which $5,431.98 was assessed against the abutting property owners as benefits, and the balance of $3,748.67 was assessed against the borough. It cannot harm the abutting property owners to pay the $5,431.78, because they have already been benefited to that extent; and because the borough, through a deal with a third party, has realized enough and more to pay its own assessment, constitutes no reason why they should claim an interest in the funds, other than as general taxpayers of the borough. And especially is this true since the grant of the right of way, and the construction and operation of the railway, imposes no new burden or servitude upon the land : Rafferty v. Traction Co., 147 Pa. 579; Lockhart v. Railway Co., 139 Pa. 419; Halsey v. Rail-

way Co., 20 Atl. Rep. (N. J.) 859; Williams v. Railway Co., 41 Fed. Rep. 556; Briggs v. Railway Co., 79 Maine, 363; Heilman v. Railway Co., 145 Pa. 23.

*Thos. M. Brown*, for appellee.—The imposition by the legislature or by a municipal corporation of the obligation upon a street railway company to pay the cost of paving or repaving streets as the condition of its right to lay its tracks thereon, inures to the benefit of abutting landowners and relieves them from liability for the cost of such paving or repaving: Phila. v. Market Co., 161 Pa. 522; Phila. v. Bowman, 175 Pa. 91.

OPINION BY PORTER, J., May 17, 1898:

We can add little to the opinion filed by the court below in entering judgment in favor of the plaintiff for $302.44 under the terms of the case stated. The traction company procured from the borough authorities the right to lay tracks upon Duquesne avenue provided the former should " pave or pay the reasonable cost of paving " a certain portion of the street. If the company had themselves paved the street, the question raised here could not have arisen. They however chose the second alternative. It was nevertheless the company's money that paid for the paving. It was in some sense a paving by the company through the instrumentality of the city.

If however the paving be regarded as having been done by the borough itself then is the case well disposed of by the court below in saying " The borough has been reimbursed by the traction company for the cost of the paving and it cannot again collect the cost of the same from the abutting properties."

The assignments of error are dismissed and the judgment is affirmed.