## Borough of Sharpsville *v.* Randall, Appellant.

*Boroughs—Streets—Paving — Costs — Computation — Abutting owners—Contribution of street railway—Act of May 12, 1911, P. L. 288.*

Under the provisions of the Act of May 12, 1911, P. L. 288, a borough may assess two-thirds of the cost of paving a street upon the abutting property owners. The power thus conferred is to enable the borough to reimburse its treasury for the cost and expense of the work, and it is the cost and expense to the borough and not to the contractor, who did the work, which the borough can collect from the adjoining owners.

Where a street railway, under its franchise, has paid a portion of the cost of paving a street on which its tracks are laid, the two-thirds of the expense of the improvement, to be assessed upon abutting property owners, must be computed from the balance remaining after deducting the amount so paid by the street railway company.

Argued April 14, 1919. Appeal, No. 69, April T., 1919, by defendant, from order of C. P. Mercer Co., January T., 1915, No. 431, refusing to reduce a municipal lien in the case of Borough of Sharpsville v. Ford Randall. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, WILLIAMS and KELLER, JJ. Reversed.

Rule to file an affidavit of the amount of municipal claim and show cause why petitioners should not have

leave to pay the money into court or enter security in lieu of the claim.   Before McLaughry, P. J.

The facts are stated in the opinion of the Superior Court.

The court discharged the rule.   Defendant appealed.

*Error assigned* was the order of the court.

*William McElwee, Jr.,* for appellant.—The abutting property owners were entitled to a credit for the amount contributed by the street railway company: Philadelphia, etc., v. Market Company, 161 Pa. 522; Duquesne Borough v. Kunze, 7 Pa. Superior Ct. 313; Philadelphia v. Ry. Co., 143 Pa. 444; Philadelphia, etc., v. Bowman, 175 Pa. 91.

*Thomas H. Armstrong,* for appellee, cited: Lockhart v. Ry. Co., 139 Pa. 419; Harriet Avenue, 24 Pa. Superior Ct. 597; Rafferty v. Traction Co., 147 Pa. 579; Heilman v. Ry. Co., 145 Pa. 23; Scranton v. Koehler, 200 Pa. 126; Phila. v. Ginhart, 48 Pa. Superior Ct. 648.

Opinion by Porter, J., October 13, 1919:

The authorities of the Borough of Sharpsville being desirous of paving Ridge avenue elected to exercise the jurisdiction, conferred by the Act of May 12, 1911, P. L. 288, to proceed without a petition of abutting property owners and assess two-thirds of the cost of such paving upon property according to the foot-front rule.   After the work was completed an assessment was made and municipal claims were filed against abutting properties, among them that of this appellant.   The appellant presented his petition to the court below alleging that a part of the street throughout its entire length was occupied by the tracks of a street railway company which was required, under the provisions of the ordinance of the borough which gave it the right to enter upon the streets, to

pave that part of the street within its tracks and one foot on each side of the same; that this ordinance was in force at the time the work was done; that the total cost of the paving was $24,100.69; that the cost of the paving of the part of the street occupied by the tracks of the street railway company was $10,267.87, which amount the street railway company actually paid to the borough, thus complying with the duty imposed by the borough ordinance; that this amount should be deducted from the total cost thus leaving $13,832.82, two-thirds of which should have been assessed against the abutting property and the remaining one-third paid by the borough, but that the borough authorities had assessed against the abutting property the entire sum of $13,832.82 which had not been paid by the street railway company, thus depriving the abutting property owners of any benefit from the amount paid by the street railway company and relieving the borough of any expense whatever for the paving of the street. The petition as originally filed prayed that the court decree that the lien be stricken from the record, or that it be reduced to the sum of $89.02, and the court granted a rule on the plaintiff to show cause why this should not be done. The borough authorities filed an answer averring that the lien was regular upon its face and ought not to be stricken off and that the defendant's remedy was to proceed under the Act of June 4, 1901, P. L. 364. The defendant thereupon moved to amend the prayer of his petition so that the same should read: "Your petitioner therefore prays your honorable court that a rule be granted upon the claimant to file an affidavit of the amount claimed by him and to show cause why the petitioner should not have leave to pay money into court and to enter security in lieu of the claim." This brought the petition strictly within the provisions of the 15th section of the Act of June 4, 1901, P. L. 369, and was an abandonment of the rule to strike off the lien. The court, with the consent of the attorney for the plaintiff, allowed the amendment, granted the rule upon plain-

tiff prayed for, and discharged the rule previously granted. It must here be observed that the only rule pending was the rule on the plaintiff to file an affidavit of the amount of its claim, and show cause why the petitioner should not have leave to pay the money into court; or enter security in lieu of the claim. The borough authorities made no attempt to deny the truth of the allegations of the petition. The court below after argument and full consideration discharged the rule, and from that order the defendant appeals.

This defendant was asserting that he had a valid defense to part of the plaintiff's claim and was seeking to avail himself of the benefit of the provisions of the 15th section of the Act of June 4, 1901, and relieve his real estate of the burden of the lien. It was the duty of the court to determine from the pleadings filed how much of the claim was admitted or not sufficiently denied; if a part of it was sufficiently denied then it was the right of the defendant to tender payment of the balance to the borough authorities, pay into court or give security for the amount in dispute and have the claim stricken from the judgment index. Thereafter the material, disputed facts, if any, were to be determined in the manner by the statute provided. Did this petition sufficiently aver facts which constituted a defense to a part of this claim?

The Constitution of Pennsylvania gave to the borough authorities the power to impose conditions when they granted to the street railway company the privilege to enter upon the street. The borough in this case imposed upon the street railway company the duty to pave that part of the street between its tracks and for one foot on each side thereof. The ordinance which imposed that duty was in full force at the time this improvement was made. The street railway company has discharged that duty by paying to the borough the sum of $10,267.87, the amount which it cost to pave that part of the street for which the company was liable. When an act of assembly or a valid ordinance requires a street railway com-

pany to pave, or pay for paving a street, and the street
railway company does actually pay the municipality for
such paving, the effect is to relieve the owners of abutting
property of any liability for paving the street, or part of
the street for which the street railway company has reim-
bursed the municipality: Duquesne Borough v. Kunze,
7 Pa. Superior Ct. 313.; Philadelphia v. Evans, 139 Pa.
483; Philadelphia v. Market Co., 154 Pa. 93; Phil-
adelphia v. Market Co., 161 Pa. 522; Philadelphia
v. Bowman, 175 Pa. 94. That this rule is to be applied
whether the assessments for the paving are made under
the foot-front rule or ascertained by viewers who assess
according to benefits is established by the cases cited,
which involved assessments in each of the methods. The
principle of taxation upon which assessments upon prop-
erty abutting upon a public improvement are sustained
is, that such properties have from the improvement re-
ceived a benefit which is peculiar to them, as distinguished
from benefits which accrue to other properties within the
municipality not so situated. If the case is within the
principle, the proportion of the contribution and other
details are within the discretion of the taxing power.
The foot-front rule of assessment does not express a prin-
ciple of taxation, but merely a method in some circum-
stances convenient for the application of the general prin-
ciple. Whichever method is resorted to, its purpose is
to reimburse the municipal treasury for an expenditure
which has resulted in a benefit peculiar to the property
assessed.

The Act of May 12, 1911, P. L. 288, invested boroughs
with power, subject to express conditions, to pave streets
without a petition of property owners, "and collect, in the
manner therein provided, two-thirds of the cost and ex-
pense of the same from the owners of real estate bounding
or abutting thereon, by an equal assessment on the feet
front bounding or abutting as aforesaid." The power
thus conferred was to enable the borough to reimburse its
treasury for the cost and expense of the work. It was

the cost and expense to the borough, not to the contractor who did the work, or any other person.   The statute by its express words imposed a limitation upon the extent to which the borough could reimburse its own treasury; two-thirds of the cost and expense of the improvement are to be assessed upon abutting property, and the statute clearly implies that the other one-third of the expense is to be borne by the borough.   If the facts were as stated in the petition of the appellant, then there is nothing in this statute which would warrant the borough authorities in assessing against abutting property two-thirds of the amount for which the borough treasury had already been reimbursed by the street railway company.   The amount which the street railway company paid the borough should first be deducted from the total cost of the improvement and two-thirds of the amount remaining is all that can lawfully be assessed against abutting property. The court should have made the rule absolute, and the defendant thereupon would have had the right, upon compliance with the provisions of the 15th section of the Act of 1901, to have the lien stricken from the judgment index.

The order of the court below is reversed, the rule is reinstated and is now made absolute, and the record is remitted for further proceedings.