# Sharpsville Borough, Appellant, *v.* Randall.

*Road law—Original paving of street—Payment of portion of cost by street railway—Relief of property owner—Act of May 12, 1911 P. L. 288.*

Where the original paving of a street has been done under the Act of May 12, 1911, P. L. 288, according to the foot-front rule, and a street railway company has paid a portion of the cost under its contract with the municipality, such portion will be deducted from the entire cost, and the residue apportioned between the municipality on the one side, and the property owners on the other, in accordance with the provisions of the act.

Argued October 7, 1920. Appeal, No. 52, Oct. T., 1920, by plaintiff, from judgment of Superior Court, April T., 1919, No. 69, reversing judgment of C. P. Mercer Co., Jan. T., 1915, No. 431, discharging rule to strike off or reduce a municipal lien for paving, in case of Sharpsville Borough v. Ford Randall. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Appeal from judgment of Superior Court. See 73 Pa. Superior Ct. 61.

The opinion of the Supreme Court states the facts.

The Superior Court reversed the order of the lower court, reinstated the rule, and made it absolute. Plaintiff appealed.

*Error assigned* was, inter alia, the judgment of the Superior Court, quoting it.

*Joseph W. Nelson,* for appellant.—The abutting property owner cannot claim an abatement in their assessment on the theory of the presence of the street railway damaging or decreasing the value of their property: Lockhart v. Ry. Co., 139 Pa. 419; Harriott Avenue, 24

Pa. Superior Ct. 597; Rafferty v. Traction Co., 147 Pa. 579; Heilman v. Ry., 145 Pa. 23.

The fact that a street railway has paved a portion of the street in front of a particular property does not relieve the owner from the assessment on a pro rata basis ascertained by dividing the entire cost of the improvement in proportion to the number of feet of property fronting on the street: Scranton v. Kœhler, 200 Pa. 126; Phila. v. Ginhart, 48 Pa. Superior Ct. 648.

*William McElwee, Jr.,* for appellee.—When an act of assembly or a municipal ordinance requires a street car company to pave all or a part of the street on which its tracks are located and it paves or pays for the paving thereof, those are relieved whose duty it otherwise would have been to pave the street: Ridge Avenue Pass. Ry. Co. v. Phila., 124 Pa. 219; Phila. v. Ry. Co., 143 Pa. 444; Phila. v. Market Co., 161 Pa. 522; Phila. v. Bowman, 166 Pa. 393; Erie v. Moody, 171 Pa. 610; Scranton v. Kœhler, 200 Pa. 126; Frankfort Ry. Co. v. Phila., 1 Sadler 583; Duquesne Borough v. Kunze, 7 Pa. Superior Ct. 313; Phila. v. Ginhart, 48 Pa. Superior Ct. 648; Dormont Boro., 64 Pa. Superior Ct. 134.

OPINION BY MR. JUSTICE KEPHART, December 31, 1920:

The facts in this case are found in the opinion of the Superior Court, 73 Pa. Superior Ct. 61, and the only question that we are called upon to decide is whether defendant, an abutting property owner, is relieved from liability for original paving because a street railway company paid the municipality a portion of the cost thereof, as it was required to do under the condition it was subjected to on admission to the borough. It is the contention of appellee that this amount should be deducted from the entire cost, and the residue apportioned between the municipality on the one side and the property owners on the other.

The duty of paving the streets is, in general, imposed on the municipality; the obligation of an abutting owner to pay for paving rests entirely upon statutory imposition, and then only where there is a special benefit. This obligation may be taken away. We have clearly indicated in a number of cases that, where a street car company is required to pave, by law or ordinance, all or any part of the street in which its tracks are located, and such liability exists at the time the paving is done, the abutting property owners, whose duty it would be otherwise to pave, are relieved from this obligation: Ridge Avenue Passenger Ry. Co. v. Phila., 124 Pa. 219; Phila. v. Ridge Avenue Passenger Ry. Co., 143 Pa. 444; Phila. v. Market Co., 161 Pa. 522; Phila. v. Bowman, 166 Pa. 393; Erie v. Moody, 171 Pa. 610; Scranton v. Kœhler, 200 Pa. 126; Frankfort Ry. Co. v. Phila., 1 Sadler 583; Duquesne Borough v. Kunze, 7 Pa. Superior Ct. 313; Phila. v. Ginhart, 48 Pa. Superior Ct. 648; Dormont Borough, 64 Pa. Superior Ct. 134. If the liability to pave does not exist when the work is done, that is, if the company is not required to pave or pay, the abutting property owner is not relieved from liability: Phila. v. Evans, 139 Pa. 483; Phila. v. Bowman, 175 Pa. 91. But if the municipality accepts a sum of money, in lieu of the obligation to pave, the municipality assumes the duty of paving, and the abutting property owner is relieved: Phila. v. Phila., Trustee, 244 Pa. 224; Phila. v. Scholl, 68 Pa. Superior Ct. 404. As the Constitution of Pennsylvania empowers municipal authorities to impose conditions on street railways for the privilege of occupying its streets, it is immaterial whether the obligation imposed by the municipality is done under the authority of the Constitution, an ordinance, or an act of assembly, the result is the same, and it is equitable that it should be so. If the municipality sees fit to relieve the property owner by imposing a paving condition on the company, it cannot, as long as the obligation exists, deny its benefit to the abutting owner. This is

true, whether the method of assessment is by foot-front rule or ascertained by viewers. As held by the Superior Court in the opinion of Judge Porter in this case, "The principle of taxation upon which assessments upon property abutting upon a public improvement are sustained is, that such properties have from the improvement received a benefit which is peculiar to them as distinguished from benefits which accrue to other properties within the municipality not so situated. If the case is within the principle, the proportion of the contribution and other details are within the discretion of the taxing power. The foot-front rule of assessment does not express a principle of taxation, but merely a method in some circumstances convenient for the application of the general principle. Whichever method is resorted to, its purpose is to reimburse the municipal treasury for an expenditure which has resulted in a benefit peculiar to the property assessed."

The work was done under the Act of May 12, 1911, P. L. 288, and it permits the borough to collect two-thirds of the cost from the abutting property owners by equal assessment, according to the foot-front rule. The cost does not mean the contract price, but it does mean the actual outlay the borough is required to make in the construction of the street. It certainly was not intended that, if the contract price was for any reason reduced to the borough, the property owners should pay the contract price, notwithstanding the reduction. The property owner and the municipality do not deal on the theory of contract, but on that of cost, and two-thirds of this is all the former is required to pay.

From what has been said, it follows that the order of the Superior Court, reversing the court below and permitting the appellee to deduct the amount paid by the railway company, was correct, and we find no error in the question of practice therein decided.

The order of the Superior Court is affirmed.