## Sharpsville Borough v. Bailey.

*Amendment of municipal claims and municipal assessments—Act of June 4, 1901.*

1. A municipal claim cannot be amended more than seven years after the completion of the work, and almost seven years after the claim was filed, so as to include matters omitted therefrom, but not omitted by mistake or wrongfully stated therein.

2. The law relating to the amendment of municipal claims does not authorize the amendment of the original assessment upon which the claim is based.

Section 35 of the Act of June 4, 1901, P. L. 404, 421, considered.

*Sci. fa. sur* municipal lien. C. P. Mercer Co., April T., 1920, No. 111.

*Thomas H. Armstrong*, for plaintiff; *William McElwee, Jr.*, for defendant.

McLAUGHREY, P. J., April 11, 1922.—On April 15, 1915, a municipal lien was filed against property of defendants for the paving of Ridge Avenue, in the Borough of Sharpsville, under the provisions of the act of assembly. On Jan. 17, 1917, a petition was filed by the defendants, asking that the lien be reduced on account of moneys paid by the street railway company for a portion of said pavement under an agreement made by the Borough of Sharpsville with the street railway company at the time of granting the franchise. It was later decided by the Supreme Court of this State that the contention of the defendants was a just one, and the defendants paid to the Borough of Sharpsville the amount claim in the municipal lien, less the reduction allowed

3 D. & C.

under the decision of the court. [Sharpsville Borough v. Randall, 268 Pa. 585.]

On April 3, 1920, a scire facias was issued. An affidavit of defence was filed by defendants, setting forth that the claim had been paid in full under the ruling of the court, and plead nil debet.

The following agreement was entered into by the counsel for plaintiff and defendants: "Now, Nov. 21, 1921, having issue joined in the above stated case, the parties hereto hereby agree to dispense with trial by jury and to submit the decision of said case to the Court of Common Pleas of Mercer County, said court to hear and determine the same, and the judgment shall be subject to writ of error or of appeal, as in other cases at law or in equity, at the option of either party."

At the time of the hearing and before testimony was taken, counsel for plaintiff moved to amend paragraph 7 of the municipal lien by changing the price per foot front from $2.4276 to $1.81. The admission of this amendment was objected to by counsel for defendants. It was admitted by the court reserving the right to pass upon the legality of the same upon consideration of the case.

Under the evidence before us, it is apparent that the amount paid per foot front was the assessment made and set forth in the lien after deducting the amount received from the railway company, for which the borough had not given defendants credit in the lien filed, but it was afterwards determined by the decision of the court that they were entitled to such credit. It would seem that, after the court had declared "that the amount which the street railway company paid the borough should be first deducted from the total cost of the improvement, and two-thirds of the amount remaining is all that can lawfully be assessed against abutting property," and the defendants had paid this amount, the claim was fully satisfied. It developed, however, at the hearing that this action was brought to recover from the defendants their portion of other items not included in the assessment made at the time of filing the municipal lien.

Can the plaintiff now, more than seven years after completion of the work, and almost seven years after the municipal lien has been filed, amend the assessment or municipal lien so as to include these items?

The 35th section of the Act of June 4, 1901, P. L. 404, 421, relative to amendments, reads as follows: "Any claim, petition, answer, replication, scire facias, affidavit of defence or other paper filed of record may be amended from time to time by agreement of the parties or by leave of the court, upon petition for that purpose, under oath or affirmation, setting forth the amendment desired, that the averments therein contained are true in fact, and that by a mistake they were omitted from or wrongfully stated in the particulars as to which the amendment is desired. Such amendments shall be of right, waiving intervening rights, except that no amendment of the claim shall be allowed after the time of its filing has expired, which undertakes to substitute an entirely different property from that originally described in the claim."

The City Engineer of the Borough of Sharpsville, when questioned at the hearing as to why the items for which the borough is now claiming were not in the original assessment, was asked the following question: "Q. Mr. Nichols, you left those items out of the original assessment because you intended to, didn't you? A. Yes, sir."

He further testified as to what was included in the original assessment, and he stated that it was not intended to cover the items for which the borough now seeks to obtain a judgment.

It is clear from the evidence produced at the hearing that the plaintiff is seeking to collect money for paving, no claim for which was filed in the Court of Common Pleas within six months after the work was completed, and to recover a claim for which no action was commenced within six years next after the cause of action had arisen. It is true that the 35th section of the Act of 1901 allows amendments where the averments therein stated were omitted by mistake or wrongfully stated, but the items now claimed were not omitted by mistake or wrongfully stated.

We are further of the opinion that the statutes allowing amendments in municipal claim proceedings do not relate to the case before us. The seventh paragraph of the municipal lien reads: "The amount of the assessment for which this claim is filed is made by Griff W. Nichols, engineer of said work, and filed in the office of the secretary of city council according to law, is as follows: and the same has been duly demanded, and notice of assessment given, as required by law, and remains unpaid." Then follows the assessment.

The proposition of the plaintiff is not to amend the claim, but the proposition is to amend the original assessment made by the engineer and filed in the office of the secretary of the borough. The claim as filed corresponds with and is the same as the original assessment. Without the previous amendment of the assessment, no amendment of this claim can be made. The statute does not authorize the amendment of the assessment.

For the reasons given, we are of the opinion that the amendment cannot be allowed, and, under all the evidence in the case, judgment should be entered for the defendants.

### Order.

And now, April 11, 1922, this matter came on to be heard by agreement of counsel, and, after due consideration, judgment is hereby given to the defendants, and the prothonotary is hereby directed to enter the same.