## Greene v. Woodlawn Borough.

*Road law—Streets—Paving—Assessment—Foot-front rule.*

A borough may assess the cost of paving a street upon the abutting property owners according to the foot-front rule without regard to the fact that a street railway company has tracks which extend only a part of the length of the pavement and has paid for a part of the paving. The proper method of making the assessment against abutting owners is to credit the payment by the street railway company against the whole cost of the improvement and then to assess the balance of the cost according to the foot-front rule, rather than to credit the payment of the railway company only for the benefit of those owners whose properties abut on the street where the tracks are maintained.

Case stated. C. P. Beaver Co., June T., 1923, No. 51.

*T. C. Buchanan,* for plaintiff; *Harold F. Reed,* for defendant.

BALDWIN, P. J., May 19, 1923.—The Borough of Woodlawn, after due and legal proceedings, paved Main Street, in said borough, and assessed two-thirds of the cost of said improvement upon the property abutting thereon according to the foot-front rule. That part of Main Street between Meadow Street and Maratta Street is traversed by the tracks of the Woodlawn & Southern Street Railway Company. This company, under the terms of the borough ordinance granting it the right to construct its tracks on said Main Street, paid the borough $2808.08, being the cost of paving between its tracks.

The plaintiff, who owns a property abutting on said Main Street and on that portion thereof traversed by the tracks of said railway company, contends that said payment by the street railway company should be credited to the cost of paving that portion of Main Street between Meadow Street and Maratta Street, and not to the whole cost of the entire improvement. In such case, the plaintiff's proper assessment would be $154.83.

The defendant borough maintains, on the other hand, that such payment should be credited on the whole cost of the entire improvement, and not merely to the square between Meadow Street and Maratta Street. In such event, plaintiff's proper assessment would be $182.51.

Plaintiff has actually paid the borough $209.89, being his assessment without any credit whatever being allowed on account of said payment by the street railway company, with the understanding, however, that a refund should be made him based on the court's judgment as to how such payment should be credited.

That the traction company's payment should be credited either the one way or the other is conceded; and there can be no question that such is the law since the decision in Sharpsville Borough v. Randall, 73 Pa. Superior Ct. 61, wherein the Superior Court held (we quote from the syllabus) : "Where any street railway, under its franchise, has paid a portion of the cost of paving the street on which its tracks are laid, the two-thirds of the expense of the improvement, to be assessed upon abutting property owners, must be computed from the balance remaining after deducting the amount so paid by the street railway company."

The case of Scranton v. Koehler, 200 Pa. 126, is strikingly like the case at bar, and, in our opinion, controls our decision here. In the case just cited it appeared that the City of Scranton had paved Mulberry Street and assessed the cost upon the abutting property owners. The assessment was laid without regard to the number of square yards of pavement in front of any particular property, but was made upon a *pro rata* basis, which was ascertained by dividing the entire cost of the improvement by the number of feet of property fronting on the street. Immediately in front of defendant's property a street railway had laid its tracks and paved that portion of the street so occupied by it. The effect was to reduce the amount of paving required to be done by the city at that point. For this reduction the defendant claimed he was entitled to credit. The city ignored this claim and divided the whole cost of paving the street among the total property frontage. The lower court decided that the payment by the street railway company should inure to the benefit of the property owner in front of whose property the tracks were maintained. This decision was affirmed by the Superior Court (see Scranton v. Koehler, 14 Pa. Superior Ct. 1). The Supreme Court, however, ruled that the case was one for the application of the foot-front rule, as being, "upon the whole, as good a general rule as can be found." In the opinion the following is quoted from the opinion of Mr. Justice Mitchell in Witman v. Reading, 169 Pa. 375: " 'While the 'foot-front' rule of assessment, it is true, does not express a principle of taxation, but merely a convenient method, yet its foundation is not in uniformity of value, but in uniformity of benefit. The latter is not always, and perhaps not even generally, dependent on the former, or in any fixed ratio to it. Properties in the same general situation are presumed to get the same general benefit from a common improvement, and as this benefit is assessed exclusively on property abutting on the line of the improvement, it is presumed to be fairly measured by the foot frontage of the property on that line, though values may be, and usually are, very different and dependent on other circumstances, such as the depth of the lots,' etc."

*Order.*

Now, May 19, 1923, in accordance with the stipulation contained in the case stated, judgment is entered in favor of Thomas Greene, the plaintiff, and against the Borough of Woodlawn, defendant, in the sum of $27.38, with costs.

From F. H. Laird, Beaver, Pa.