Stockdale Borough, Appellant, *v.* Astle.

258

Argued September 27, 1962. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and KEIM, JJ.

*Austin J. Murphy,* with him *Jack H. France,* for appellant.

*John E. Costello,* for appellees.

OPINION BY MR. JUSTICE O'BRIEN, March 19, 1963:
This appeal involves an interpretation of a section of The Borough Code, specifically, the Act of May 4, 1927, P. L. 519, §1712, as most recently amended by the Act of December 1, 1959, P. L. 1623, §1. (53 P.S. §46712, 1962 Supp.)

The borough, without petition from a majority of the abutting property owners, enacted an ordinance directing the improvement of certain streets within its limits and "providing for the payment thereof by the borough and abutting property owners *as provided by*

*law*". (Emphasis supplied.) The above cited section of The Borough Code sets out the limitations of the borough's power to recover the cost of the improvements, the pertinent portions reading: "Boroughs, with petition or without petition, may . . . improve, streets . . ., with or without the assistance or contribution of the State, county, or a corporation occupying the thoroughfare, and, where the petition for the improvement is signed by petitioners representing a majority in the number of feet of assessable properties abutting on the proposed improvement, . . . may assess and collect the whole cost thereof, or the whole cost not thus aided or contributed, or any part thereof, from the owners of real estate abutting on the improvement, by an equal assessment on the foot-front, . . . but, in all other cases, not more than two-thirds of the whole cost thereof, or two-thirds of the whole cost not thus aided or contributed may be assessed and collected from the abutting owners on the foot-front rule, the remainder to be paid by the borough . . .".

The total cost of the improvements in issue was $14,-279.70. Of this sum, the County of Washington contributed $2,000 and the Commonwealth permitted the use of $2,829.20 from Liquid Fuel Tax Refunds towards the cost of the project. The total of these sums being $4,829.20, the actual cash outlay of the borough from its general revenues was $9,450.50. The borough assessed the abutting property owners two-thirds of the total contract price of the project and sued in assumpsit to collect these assessments. The property owners answered and raised the matter of the contributions in new matter, taking the position that they should have been assessed no more than two-thirds of $9,450.50, the net cost of the project after deducting contributions.

The parties stipulated and agreed to a non-jury trial which resulted, on the above stated undisputed facts,

in an order directing the borough to give a pro-rata credit to each of the appellees by dividing proportionately among them the contributions received. The borough excepted to the opinion, order and verdict of the trial judge and moved for a new trial or judgment n.o.v. The court en banc dismissed the exceptions, refused the motion for new trial or judgment n.o.v., affirmed the conclusion of the trial court and entered judgment accordingly. The borough appeals from the judgment thus entered.

The borough urges that the language of the Act, above quoted, grants to it the option of assessing against the property owners either two-thirds of the entire cost, or two-thirds of the net cost, as determined by deducting contributions. We can no more accept this contention than did the court below.

In *Sharpsville Borough v. Randall,* 268 Pa. 585, 112 A. 112 (1920), we held that where a street railway company had contributed to the cost of improvement of a street, the abutting property owners were entitled to have the contribution deducted from the total cost before apportioning the residue between the municipality and the property owners. Appellant argues that contributions from private sources should be considered on a different footing than contributions from other governmental bodies of tax money. We cannot accept this argument, particularly in view of the fact that the Act contemplates "the assistance or contribution of the State, county or a corporation occupying the thoroughfare". No distinction is made in accordance with the source of the contribution, all are treated alike in the statute.

The cardinal principle of statutory construction is that the intention of the Legislature must be effectuated and, if possible, effect must be given to all of the provisions of the enactment. Act of May 28, 1937, P. L. 1019, §51, 46 P.S. §551. A reading, in its entire-

ty, of the section of The Borough Code, here at issue, leads inevitably to the conclusion that the Legislature contemplated two situations: (1) improvements initiated by petitions from property owners and (2) improvements initiated by the borough itself. In the former situation, the Legislature allows assessment of the entire cost; in the latter, a maximum of two-thirds of the cost. The Legislature further contemplated two other possibilities: (1) improvements made without contributions from other governmental bodies and/or private corporations and (2) those made with such contributions. By giving effect to all of the provisions of the section, it becomes clear that the statute intended to impose one-third of the cost of improvements not requested by the property owners upon the borough and, in either case, allowed a recovery of only those expenditures actually made by the Borough.

In *Sharpsville Borough v. Randall,* supra, we quoted with approval the language of the Superior Court whose opinion in *Borough of Sharpsville v. Randall,* 73 Pa. Superior Ct. 61, we were affirming, as follows: "The principle of taxation upon which assessments upon property abutting upon a public improvement are sustained is, that such properties have from the improvement received a benefit which is peculiar to them as distinguished from benefits which accrue to other properties within the municipality not so situated. If the case is within the principle, the proportion of the contribution and other details are within the discretion of the taxing power. *The foot-front rule of assessment does not express a principle of taxation,* but merely a method in some circumstances convenient for the application of the general principle. *Whichever method is resorted to, its purpose is to reimburse the municipal treasury for an expenditure* which has resulted in a benefit peculiar to the property assessed." (Emphasis supplied).

262

This statement makes it clear that assessments are designed only to reimburse the municipal treasury. Were we to adopt the position of appellant, we would reach, by mathematical calculation in this instance, a situation wherein the borough would assess and collect $9,519.80 to reimburse itself for the expenditure from its treasury of $9,450.50, thereby returning to the Borough a profit of $69.30. We cannot conceive that the Legislature intended such a result.

Judgment affirmed.