### Borough of Northampton, Appellant v. Lars Knauss et al., Appellees.

Argued October 5, 1976, before President Judge BOWMAN and Judge CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS and BLATT. Judge KRAMER did not participate.

*Clayton T. Hyman,* with him *Sandor Engel,* and *Coleman & Hyman,* for appellant.

*Wesley M. Wasylik,* with him *Donald B. Corriere,* and *Haber and Corriere,* for appellees.

OPINION BY JUDGE CRUMLISH, JR., December 16, 1976:

The sole issue for our resolution is whether the sewer assessment charged against the Appellees is proper.

The Borough of Northampton (Appellant) installed sanitary sewer mains and a sewer system abutting the property owned by the various Appellees. The total cost of the project for the installation was $203,615.96.[1] Appellant then received from the Commonwealth of Pennsylvania a $50,000 grant which was to be used for the sewer project and for no other. In utilizing this grant, Appellant applied $12,523.08 toward payment of assessable costs and $37,476.92 toward payment of non-assessable costs. The trial court found this allocation to be inequitable and an abuse of discretion by Appellant. Consequently, it ordered that "[Appellant] must reduce the total *assessible cost* of improvements by the $50,000.00 state grant and then assess the property owners according to this *net figure*." (Emphasis added.) Appellant argues this order is inequitable and an abuse of discretion. We agree.

Appellant has the authority to lay out, ordain, and construct sanitary sewers and to assess the costs and expenses of such a project.[2] This assessment can be calculated in two methods: first, according to the benefits,[3] or second, according to the front-foot rule.[4]

Since the ordinance adopted the front-foot rule, the question here involves the interpretation of two terms, "costs" and "expenses." Appellant contends there are three possible assessments—the two previously noted and the deduction of the $50,000 grant from total cost of $203,615.96. This reduced cost will then be

---

[1] This cost was categorized as follows:

| | |
|---|---|
| Total assessible cost | $141,301.61 |
| Total non-assessible cost | $ 62,314.35 |
| Total maximum assessible feet | 7,692.87 feet |

[2] Section 2001 of The Borough Code, Act of February 1, 1966, P.L. (1965) 1656, *as amended*, 53 P.S. §47001 (Code).

[3] Section 2002 of the Code, 53 P.S. §47002.

[4] Section 2003 of the Code, 53 P.S. §47003.

546

allocated in accordance with the ordinance and resolution of Appellant.[5]

The latter, or third, is the most equitable. For when a municipality receives contributions from an outside resource in order to construct improvements, this benefit should inure to the public by reducing the total cost of the improvement. Accordingly, Appellant must subtract the amount granted by the Commonwealth from the total cost and then assess the property owners in accordance with this new net cost. *Accord, Stockdale Borough v. Astle,* 419 Pa. 257, 189 A.2d 152 (1963).

Reversed.

ORDER

AND Now, this 16th day of December, 1976, the order of the Court of Common Pleas of Northampton County is reversed.

It Is FURTHER ORDERED that the Borough of Northampton assess the cost of the said sewer system improvement in a manner consistent with this opinion.

----

[5] Appellant adopted Ordinance No. 884 on October 17, 1974, which provided for the assessment of costs and expenses. On December 12, 1974, Appellant approved Resolution No. 17-74 which provided for the front-foot assessment.